Perrin STEWART, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17034.

United States Court of Appeals
Eighth Circuit.

Jan. 2, 1964.

Perrin Stewart, pro se.

D. Jeff Lance, U. S. Atty., and William C. Martin, Asst. U. S. Atty., for appellee.

Before JOHNSEN, Chief Judge, and MATTHES and RIDGE, Circuit Judges.

JOHNSEN, Chief Judge.

Appellant was given a 10-year sentence for narcotic conspiracy under 21 U.S.C. § 174. He sought by collateral attack to have the sentence vacated for alleged unconstitutionality. The District Court denied the application on its face, and he has appealed.

His claim was that the sentence constituted cruel and unusual punishment, in violation of the Eighth Amendment, in that 26 U.S.C. § 7237(d) removed it, as one for a narcotic offense, from the operation of the administrative parole statute, 18 U.S.C.A. § 4202, while leaving the privilege of seeking parole in effect as to other sentenced offenders.

This contention has previously been before us in Vera v. United States, 8 Cir., 288 F.2d 25, 26, and was held to be without merit, in an opinion by Judge Woodrough, which said: "Appellant's contention that deprivation of the parole accorded under 18 U.S.C. § 4202 and continued confinement under his sentence constitutes cruel and unusual punishment is without merit. Such confinement is usual punishment. The discretionary granting of parole is a matter of legislative grace. The denial of it to certain offenders is within legislative discretion".

Congress as much has power to vary provisions for administrative alleviating of sentences as to vary provisions for judicial imposing of sentences, between classes of criminal offenses. Cruelty of punishment as related to sentences turns on what the sentence authorizes to be inflicted. What is reasonable punishment on this basis can-

not, therefore, be contended to be cruel because it is without privilege of administrative alleviation, or because the privilege of seeking such alleviation is different than as to some other class of offense.

■ Other Circuits, where the constitutional contention has been presented, have similarly held that no question of cruel and unusual punishment is involved from the closing of a narcotic sentence to parole privilege. Gallego v. United States, 9 Cir., 276 F.2d 914; Lathem v. United States, 5 Cir., 259 F.2d 393. See also Oliver v. United States, 8 Cir., 290 F.2d 255; Halprin v. United States, 9 Cir., 295 F.2d 458; Witt v. United States, 9 Cir., 287 F.2d 389. As the Ninth Circuit summarized it in Gallego, supra, § 7237(d) "merely forbids in this kind of case and for good reason the discretionary granting of special benefits which Congress did not have to permit in the first place". 276 F.2d at 918.

While Congress was free to refuse to accord the privilege of parole or to permit any other alleviation, either judicial or administrative, as to narcotic sentences, without indication of its reason for doing so, the legislative history involved makes clear that it regarded an urgent reason as existing for the action which it took. Occasion was taken by the Committee sponsoring the legislation to make strong emphasis of the need for not allowing any privilege or power of alleviation to exist as to narcotic sentences. See H.Rep.No.2388 on H.R. 11619, (which became the Narcotic Control Act of 1956, 70 Stat. 567, of which 26 U.S.C.A. § 7237(d) is a part), 2 U. S. Cong. & Adm. News (1956), 84 Cong. 2d Sess. at pages 3284–3285.

The Committee pointed out that the narcotic traffic was engaged in recruiting, as peddlers, persons who did not have a previous narcotic conviction, and that a substantial number were being obtained in this class, because of the profit, and because of the possibility that, if caught, they would, as first offenders, be given suspended sentence, probation or parole. The statement concluded:

"Therefore, it is the view of your committee that the first-offender-peddler problem will become progressively worse and eventually lead to the large scale recruiting of our youth by the upper echelon of traffickers unless immediate action is taken to prohibit parole, probation, or suspension of sentence in the case of all persons convicted of trafficking in narcotic and marihuana drugs". Ibid.

Appellant's application to have his sentence vacated was made as one for a writ of error coram nobis. The District Court treated it as a motion to vacate sentence under 28 U.S.C.A. § 2255, although the application did not disclose that appellant was yet serving the sentence, which had been made consecutive to one for five years imposed by the District Court for the Northern District of Illinois. The form of the application or the manner of its treatment is, however, of no consequence here, since the claim and contention made are without basis for relief by remedy of any nature.

Affirmed.