Booker T. VAUGHN, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 15464.

United States Court of Appeals
Seventh Circuit.

April 14, 1966.

Booker T. Vaughn, in pro. per.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, Lawrence Jay Weiner, Gerald M. Werksman, Asst. U. S. Attys., Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and DUFFY and KNOCH, Circuit Judges.

PER CURIAM.

On February 11, 1964, petitioner-appellant, Booker T. Vaughn, after a prior court trial and findings of guilty of violations of the narcotics laws of the United States, 26 U.S.C.A. § 4705(a) and 21 U.S.C.A. § 174,[1] was sentenced by the district court to imprisonment for a term of eight years. The court stated that insofar as 18 U.S.C.A. § 4208(a) (2),[2] which allows the sentencing court to fix a prisoner's eligibility for parole at time of sentencing, was applicable, it was to be applied in the service of the sentence.

 18 U.S.C.A. § 4208(a) (2), however, was not intended to apply to any offense for which there is provided a mandatory penalty.[3] Sentencing under 26 U.S.C.A. § 4705(a) and 21 U.S.C.A. § 174 is mandatory.[4]

On April 10, 1964, following a motion by Vaughn's attorney under Rule 35, Federal Rules of Criminal Procedure, 18 U.S.C.A., the district court reconsidered and amended the sentence to six years imprisonment.

Vaughn was not before the court at the time of amendment of his sentence. On August 5, 1965, he filed a petition under Rule 35 for correction and reduction of sentence, complaining that contrary to the court's statements in the original sentencing, he was not eligible for parole.

1. "It shall be unlawful for any person to sell, barter, exchange, or give away narcotic drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Secretary or his delegate." 26 U.S.C.A. § 4705(a).

"Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or conspires to commit any of such acts in violation of the laws of the United States, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000. * * *" 21 U.S. C.A. § 174.

2. "Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interests of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may (1) designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become eligible for parole, which term may be less than, but shall not be more than one-third of the maximum sentence imposed by the court, or (2) the court may fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may become eligible for parole at such time as the board of parole may determine." 18 U.S.C.A. § 4208(a).

3. 72 Stat. 845, Section 7; P.L. 85–752. Section 7, 85th Cong., 2d Sess. (Aug. 25, 1958).

4. The sentencing statutes, 26 U.S.C.A. § 7237(b) and 21 U.S.C.A. § 174, call for imprisonment. 26 U.S.C.A. § 7237(d) also provides in part that "the imposition or execution of sentence shall not be suspended, probation shall not be granted, section 4202 of title 18 of the United States Code shall not apply * * *."

On October 5, 1965, Vaughn was brought before the sentencing court on a writ of habeas corpus ad prosequendum so that the terms of his sentence could be made clear to him. The six year sentence given on April 10, 1964 was confirmed at that time. Vaughn appeals from the order confirming his six year sentence.

In his appeal, Vaughn takes the position that the district court's amendment and correction of his sentence in no way affected the original sentence, insofar as it concerned his eligibility for parole under 18 U.S.C.A. § 4208(a) (2). He argues that when the court reduced his sentence on April 10, 1964, it did not take into consideration its error in the application of 18 U.S.C.A. § 4208(a) (2). Vaughn concludes from this that the original sentence was illegal, that it could not be corrected by a simple reduction, and therefore that the sentence is null and void. Consequently, he requests vacation of the sentence and resentencing.

Rule 35, supra, provides in part: "The court may correct an illegal sentence at any time."

■ It appears from the record that a correct sentence, without mention of possible parole or of 18 U.S.C.A. § 4208(a) (2) was entered on April 10, 1964. This sentence was confirmed on October 5, 1965, with full understanding that 18 U.S.C.A. § 4208(a) (2) was not applicable. Vaughn was personally present in court at that time. Since the court could correct the illegal sentence at any time, the court's simple reduction of sentence, without provision for parole, was sufficient to remove the defect in the original sentence.

In this appeal, Vaughn was proceeding *pro se*. Accordingly, we ordered the cause submitted on the record and briefs of the respective parties, without oral argument.

The order appealed from is affirmed.

Affirmed.