223 So.2d 843

**STATE of Louisiana**

**v.**

George WHITE.

No. 49603.

June 9, 1969.

Troy E. Bain, Shreveport, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Albert S. Lutz, Jr., Asst. Dist. Atty., for appellee.

HAMLIN, Justice.

Defendant appeals from his conviction of the offense of delivering narcotic drugs, three marijuana cigarettes, (LSA–R.S. 40:962), and his sentence to serve ten years at hard labor in the Louisiana State Penitentiary.

Five bills of exceptions are presented for our consideration.

## BILL OF EXCEPTIONS NO. 1

Bill of Exceptions No. 1 was reserved when the trial court overruled a motion to quash filed by the defendant.

▊ The motion to quash avers that LSA–R.S. 40:961 et seq. are unconstitutional in that they violate Art. I, Sec. 12, La.Const. of 1921, and the Eighth Amendment to the Constitution of the United States, both of which prohibit the infliction of cruel and unusual punishment. The motion further avers that LSA–R.S. 40:-981 [1] is unconstitutional in that it deprives the accused of equal protection of the laws contrary to the Fourteenth Amendment to the United States Constitution and also deprives him of the benefits of the general provisions of LSA–R.S. 15:574.3 allowing any person convicted of a felony to be paroled after serving one-third of his sentence.

An identical attack as made by counsel for the defendant was levelled at the Uniform Narcotic Drug Law, LSA–R.S. 40:-961 et seq., in the case of State v. Thomas, 224 La. 431, 69 So.2d 738, and found to be without merit. See, State v. Bellam, 225 La. 445, 73 So.2d 311; State v. Green, 244 La. 80, 150 So.2d 571.

It is to be noted that the federal statutes on narcotics provide that there shall be no suspension or probation of sentence upon conviction of certain violations of the narcotics statutes. 26 U.S.C.A., Sec. 7237 (d). See, Stewart v. United States, 325 F.2d 745, cert. den. 377 U.S. 937, 84 S.Ct. 1344, 12 L.Ed.2d 301; [2] McWilliams v. United States, 394 F.2d 41; Sperling v.

1. "Conviction of a person over the age of twenty-one years for the offense of selling, giving, administering, or delivering any narcotic drug to a person over the age of twenty-one years shall be punishable by imprisonment at hard labor for not less than ten years nor more than fifty years, without benefit of parole, probation or suspension of sentence;" LSA–R.S. 40:981(2).

2. "Other Circuits, where the constitutional contention has been presented, have similarly held that no question of cruel and unusual punishment is involved from the closing of a narcotic sentence to parole privilege. Gallego v. United States, 9 Cir., 276 F.2d 914; * * * As the Ninth Circuit summarized it in Gallego, supra, § 7237(d) 'merely forbids in this kind of case and for good reason the discretionary granting of special benefits which Congress did not have to permit in the first place'. 276 F.2d at 918.

"While Congress was free to refuse to accord the privilege of parole or to permit any other alleviation, either judicial or administrative, as to narcotic sentences, without indication of its reason for doing so, the legislative history involved makes clear that it regarded an urgent reason as existing for the action which it took. * * *

"The Committee pointed out that the narcotic traffic was engaged in recruiting, as peddlers, persons who did not have a previous narcotic conviction, and that a substantial number were being obtained in this class, because of the profit, and because of the possibility that, if caught, they would, as first offenders, be given suspended sentence, probation or parole. The statement concluded: 'Therefore, it is the view of your committee that the first-offender-peddler problem will become progressively worse and eventually lead to the large scale recruiting of our youth by the upper echelon of traffickers unless immediate action is taken to prohibit parole, probation, or suspension of sentence in the case of all persons convicted of trafficking in narcotic and marihuana drugs'. Ibid." 325 F.2d at 746.

Willingham, 353 F.2d 6, cert. den. 384 U.S. 962, 86 S.Ct. 1591, 16 L.Ed.2d 675;[3] Vaughn v. United States, 7 Cir., 359 F.2d 809; United States ex rel. Fink v. Heyd, D.C., 287 F.Supp. 716. Cf. Jones v. United States, 8 Cir., 396 F.2d 66.

Bill of Exceptions No. 1 is without merit.

## BILL OF EXCEPTIONS NO. 2

Bill of Exceptions No. 2 was reserved when the trial court overruled defense counsel's motion for a unanimous jury verdict.

 Defense counsel contends that defendant's rights under the Sixth and Fourteenth Amendments to the United States Constitution were violated by the rendition of a divided verdict herein—nine for conviction, three for acquittal. He further contends that the right to trial by jury includes the right which a defendant has in federal court to be convicted by a unanimous verdict and not by a divided jury.

Art. VII, Sec. 41, La.Const. of 1921, provides that in a case where the punishment is necessarily at hard labor, the jury must be composed of twelve members, nine of whom must concur to render a verdict. See, Art. 782, Code of Criminal Procedure.

At the present time, we do not find that the United States Supreme Court has extended the Fourteenth Amendment to require that under the Sixth Amendment a verdict in a case such as the instant one must be unanimous. "We must await a clear exposition of this point by the Federal Supreme Court before we can decide whether a unanimous verdict is a requirement of the Sixth Amendment of the Federal Constitution which is obligatory on the States." State v. Schoonover, 252 La. 311, 211 So.2d 273, 278.

The case of Duncan v. State of Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed. 2d 491, is not apposite. It merely held that under the Fourteenth and Sixth Amendments to the United States Constitution, a defendant charged with a misdemeanor, punishable by two years' imprisonment and a $300 fine, was entitled to trial by jury.

The case of DeStefano v. Woods, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308, avoided the question of a unanimous jury verdict; it was only mentioned in the body of a per curiam decision. That case merely held that certain decisions of the Court did not have retroactive effect.

Bill of Exceptions No. 2 is without merit.

---

3. "We find no merit in petitioner's further contention that Sec. 7237(d) is unconstitutional as a denial of equal protection of the laws, or other civil rights, or cruel and unusual punishment to persons con-

victed under that statute as contrasted with persons convicted of other offenses who may be eligible for parole. Stewart v. United States, 8 Cir., 1964, * * * " 353 F.2d at 6–7.

## BILL OF EXCEPTIONS NO. 3

Bill of Exceptions No. 3 was reserved when the trial judge overruled defense counsel's objection to a question propounded by the State to the witness Paul Le-Shay. The question recites:

"If I understand you correct, Big George gave the three Marijuana cigarettes to Criss while you were standing right beside him and had your hand out too?"

The answer was, "Yes, sir."

■ Defense counsel contends that the question was leading and prejudicial to defendant's case. He argues that the question was not for the purpose of clarification, but was evidence as to the exact charge of which the defendant was convicted. Counsel further contends that the trial judge abused his discretion by permitting the witness to answer the question after objection.

A reading of the testimony attached to the instant bill reflects that the question was merely a continuation of the immediate preceding testimony which recites:

"Q. Well, now, the three Marijuana, did he hand that to you or did he hand it to Criss?

"A. Well, the both—at the time me and Criss,—he was standing—I was standing sort of like in the middle almost and he approached to where we both was and when he pulled them out, well, I told Criss there they was. Criss had his hand open and mine was down there too, but Criss he ended up getting 'em and got 'em and put 'em in his pocket and that's all he said."

We find that the question was for the purpose of clarification, and that the trial judge correctly stated: "I think he's just repeating the testimony to get it clear. He didn't say anything that the man hadn't already testified to. I think it's merely a clarification."

■ A leading question is one which suggests to the witness the answer he is to deliver, and though framed in the alternative, is inadmissible when propounded to one's own witness, unless such witness be unwilling or hostile. LSA–R.S. 15:277. A question, however, which clearly refers to a statement which had been made by a witness in answer to a previous question is not leading. State v. Shuff, 198 La. 67, 3 So.2d 278.

We conclude that the question, supra, was not leading because of the circumstances under which it was propounded. The trial judge did not abuse his discretion in permitting the witness to answer.

Bill of Exceptions No. 3 is without merit.

## BILL OF EXCEPTIONS NO. 4

Bill of Exceptions No. 4 was reserved when the trial judge refused to give the

following specifically requested charges to the jury:

"1) Every person accused of a crime is presumed innocent until the State has established his guilt beyond a reasonable doubt. The State has the burden of proving beyond a reasonable doubt every fact and circumstances necessary to prove defendant's guilt. The fact that a person has been charged with a crime creates no presumption against him. It is in no way an indication that the defendant has committed a crime and you must not consider the fact that the defendant has been charged by the State in any way means he has committed a crime or is guilty of a crime.

"2) Presumption of innocence means that as the trial starts you must believe that the defendant is not guilty of a crime and that you can only find him guilty if the State presents evidence which convinces you beyond a reasonable doubt that the defendant is guilty. The defendant is not required to prove his innocence and does not have to prove anything, the burden of proof being only on the State to prove guilt beyond a reasonable doubt.

"3) Proof beyond a reasonable doubt means that if after all the evidence has been presented there is doubt in your mind as to the defendant's guilt then you must find the defendant not guilty. In this respect you are the sole judge of the facts in this case and it is your duty to decide which witnesses you will believe and which you will not believe. The fact that a witness has been convicted of a crime may be considered by you as affecting the truthfulness of his testimony. You must weigh the testimony of all of the witnesses and decide which you will believe and which you will not believe, and if you find that from the evidence there are two different conclusions which may be reasonably drawn therefrom, one conclusion favorable to the defendant and the other conclusion not favorable to him, you must draw the conclusion favorable to the defendant and find him not guilty."

Counsel for the defendant contends that in this case two of the State's witnesses had prior convictions and in order for the jury to properly consider relevant evidence, it was necessary that the members receive a special charge with respect to credibility.

A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given. Art. 807, Code of Criminal Procedure.

 Our jurisprudence is legion that the trial judge may refuse a special charge when the subject matter is covered by the general charge. State v. Hagerty, 251 La. 477, 205 So.2d 369. Herein, the trial judge's general charge covered all subject matter involved in the prosecution. An entire paragraph was devoted to the credibility of witnesses and the weight to be given to their testimony. Under such circumstances, there was no necessity for the special charges; the judge was correct in refusing to give them. State v. Cox, 218 La. 277, 49 So.2d 12; State v. Fox, 251 La. 464, 205 So.2d 42; State v. Green, 244 La. 80, 150 So.2d 571.

Bill of Exceptions No. 4 is without merit.

### BILL OF EXCEPTIONS NO. 5

Bill of Exceptions No. 5 was reserved when the trial court overruled defendant's motion for a new trial and motion in arrest of judgment.

The averments in the motions, except for one hereinafter considered, raise issues which have been discussed and determined in Bills of Exceptions Nos. 1–4.

The motion in arrest of judgment sets forth that LSA–R.S. 40:962 is vague and unclear, containing no definition of what constitutes delivery of narcotic drugs, and that a conviction under the statute violates the due process clause of Art. I, Sec. 2, La.Const. of 1921, and the Fourteenth Amendment to the United States Constitution.

The bill of information herein recites that the defendant violated LSA–R.S. 40:-962, in that he did "sell and deliver" three marijuana cigarettes. He was found guilty of "delivering narcotic drugs as charged."

LSA–R.S. 40:962(A) provides that, "It is unlawful for any person to manufacture, possess, have under his control, sell, give, *deliver*, transport, prescribe, administer, dispense, or compound any narcotic drug, except as provided in this Sub-part, or to be or become an addict as defined in R.S. 40:961." (Emphasis ours.)

The words "deliver," "delivery," and "delivering" are ordinary words and are used constantly in everyday conversation. They indicate a transfer or handing over. Webster's New World Dictionary; Webster ascribes to them such meaning among others.

In State v. Richard, 245 La. 465, 158 So. 2d 828, we said:

"The undefined words, [transport, possess, have under his control and conceal], of which complaint is made, have a well known and commonly understood meaning. In our opinion, the statute defines the crime with sufficient prescision to give a person of ordinary intelligence fair notice as to what conduct is criminal. Hence, it is not unconstitutionally vague or indefinite."

We conclude that the reasoning of the Richard case is applicable to the instant one. A person of ordinary intelligence certainly has fair notice as to the meaning of the words "deliver," "delivery," and "delivering" when associated with marijuana. The statute apprises him that it is unlawful to deliver marijuana. We do not find that it is vague. Defendant has suffered no deprivation of his constitutional rights.

Bill of Exceptions No. 5 is without merit.

For the reasons assigned, the conviction and sentence are affirmed.