271 So.2d 863 (1973)
STATE of Louisiana
v.
Joseph Frank ROSE.
No. 52776.
Supreme Court of Louisiana.
January 9, 1973.
Rehearing Denied February 8, 1973.
*864 Andrews, Barry & DeSalvo, Michael F. Barry, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
*865 PER CURIAM.
The defendant, Joseph Frank Rose, was tried by jury and found guilty of the crime of armed robbery, La.R.S. 14:64 and sentenced to serve five years in the Louisiana State Penitentiary. On this appeal, he relies on seventeen bills of exceptions and alleges two errors on the face of the pleadings to obtain a reversal of the conviction and sentence.
Counsel assigns alleged errors discoverable on the face of the pleadings as, (1) the trial court's arraignment of the defendant without the presence of counsel, and (2) that the Per Curiams to his bills of exceptions were composed and signed by a judge other than the judge who presided over the proceedings and rendered the rulings complained of. We find these assignments of error lacking in any merit.
Even though the minutes are silent as to the presence of counsel at the defendant's arraignment, the defendant did enter a plea of not guilty, and, pursuant to La.C.Cr.P. art. 516, counsel could have withdrawn the plea made by the defendant and entered any other motion or plea had he so desired. As to the second alleged error, we find all Per Curiams were subsequently approved and endorsed by trial judge, who presided at the trial and had made the rulings. These allegations are without merit.
Bills of Exceptions Nos. 1, 2, 3, 4, 5, 6 and 7 grouped together by the defendant in his brief, reflect the defendant's objections to the trial court's rulings which held the state's answers to interrogatories Nos. 1, 2, 4, 5, 7, 8 and 9 of his Application for a Bill of Particulars as good and sufficient in law.
As this Court emphasized in State v. Hudson (1969), 253 La. 992, 221 So.2d 484 at 491,
"* * * the bill of particulars is designed to assure the defendant that he will have sufficient information before trial to properly prepare his defense. State v. Barksdale, 247 La. 198, 170 So.2d 374 (1965). He is entitled to know what the State intends to prove; but the bill of particulars cannot be employed as a fishing expedition for a recital of the details of the State's evidence, nor used as a device to harass the State by demands for nonessentials. See Comment, The Bill of Particulars in Criminal Trials, 12 La.L.Rev. 457 (1952)."
Here, as in Hudson, supra, we see the defendant was seeking to obtain the state's evidence and was attempting nothing less than pretrial discovery which, with minor exception (of written confessions) is not permissible in this state. R.S. 44:3; State v. Nails, 255 La. 1070, 234 So.2d 184 (1970), and the cases cited therein. See also State v. Hunter, 250 La. 295, 195 So. 2d 273 (1967).
The refusal of the trial court to require the state to further particularize the answers to the application for a bill of particulars was proper. These bills of exceptions are without merit.
Bills of Exceptions Nos. 8 and 9 were reserved to the trial court's refusal to order the state, as requested in the defendant's prayer for oyer, to produce, "* * * Any statements of defendant reduced to writing, oral or written, of any third party, within the knowledge of the officers of the State of Louisiana that may tend to aid in the preparation of the defense of the defendant . . ."
In State v. Haddad, 221 La. 337, 59 So.2d 411 (1952), we said:
"It is now so firmly established in our jurisprudence that a defendant in a criminal case is not entitled to a pre-trial inspection of written confessions of codefendants, written statements of witnesses, or police reports in the hands of the sheriff, the police department, or the *866 district attorney that we fail to understand why defense counsel continue to present such arguments to us on appeal. * * * (Case citations omitted)."
We know of no satisfactory or valid reason, and none has been advanced, which would compel us to reverse the position taken by this Court in the Haddad case. These bills are without merit.
Bill of Exceptions No. 10 was taken to the trial court's denial of the defendant's motion to suppress evidence, to wit, articles of identification seized from the person of the defendant at the time of his arrest.
We have considered carefully the evidence attached to this bill and conclude that the trial court's per curiam, which we find succinctly states the facts of the circumstances of the arrest and search, to be correct.
The trial court stated:
"Both officers involved in the arrest testified that they were seeking the defendant as the result of a `wanted' bulletin out for defendant under the name of Rose. Rose's location was determined by the matching of fingerprints taken from a subject who had identified himself as Neal. The fingerprints of the subjects matched and the police correctly deduced that Rose and Neal were the same person. They went to the address `Neal' had given when arrested. The police had a physical description given by the victim of the crime for whom the defendant had previously worked. They had a mugshot of the accused to help in the identification.
The police knocked on the door, identified themselves and asked if they could enter. They did, and the defendant walked into the room and officer Lee recognized him and informed him that he was under arrest for armed robbery. The defendant was advised of his rights and then produced, of his own accord, the folder with the identification of Bryan Neal." (R-87)
Under the facts and circumstances determined by the trial court, we find that the defendant voluntarily delivered the identification folder sought to be suppressed. Consequently, the defendant has no valid complaint.
This bill lacks merit.
Bill of Exceptions No. 11 was taken upon the trial court's denial of defense counsel's motion for a new trial which was based on allegedly unsolicited "prejudicial" testimony by a state's witness.
We regard the officer's comment that "The identification was forwarded to the proper owner in Florida", referring to certain identification papers which had been found on the defendant when he was arrested, to be an improper injection of his own that might have had some prejudicial effect. However, since upon objection the prosecution did not pursue the matter, and since the testimony did not designate that the defendant had, in fact, stolen the identification papers, we do not believe the error so prejudicial, despite the failure of the trial court to admonish the jury to disregard the testimony (La.C.Cr.P. Art. 772), as to require a reversal. La.C.Cr.P. Art. 921.
We find the trial court properly denied the Motion for a Mistrial. See also State v. Harris, 258 La. 720, 247 So.2d 847 (1971) and the cases cited therein.
This bill is therefore without merit.
Bill of Exceptions No. 12 alleges a set of eight photographs used by the police for the purposes of obtaining the identification of the accused by the victim was not a fair representation and sample, there being only one other photograph that resembled the defendant.
*867 The record reveals that the accused was well-known to the victim, prior to the robbery, having worked in the same store, and there was testimony corroborated by the victim, that the police had not tried to suggest which particular photograph the witness was to pick. Therefore there does not appear to have been any violation of the defendant's constitutional safeguards. In regard to defense counsel's argument that he was "surprised" there had been a photographic identification, in his own brief, he acknowledges that he had been told by the police, when the original line-up was abandoned, that the police would in fact, ask the victim to make a photographic identification in lieu thereof.
This bill is without merit.
Bills of Exceptions Nos. 13 and 14 were reserved upon the denial of the trial judge to direct a verdict in favor of the defendant on the ground that the state had not proved its case beyond a reasonable doubt. We have held that our State Constitution prevents consideration of a motion for a directed verdict in a jury trial. La. Const. Art. 19, Sec. 9; State v. Williams, 258 La. 801, 248 So.2d 295 (1971).
These bills of exceptions are without merit.
Bill of Exceptions No. 15 was reserved upon the trial court's refusal to given ten special charges requested by the defense to the jury for the reason that all of the charges were covered in the court's general charge with the exception of the first portion of special charge No. 10, which the trial judge did not believe to be the law of this state.
The first paragraph of special charge No. 10 reads:
"No class of testimony is more uncertain and less to be relied upon than that as to identification based upon personal impressions. The carelessness or superficiality of observers, the variety of powers of graphic description, and the different force with which the peculiarity of form or color or expression strikes different persons, make recognition or identification one of the least reliable facts testified to by actual witnesses who have seen the parties in question."
The testimony of the victim, Clifford Bijou, is clear that he did not have to rely on any impression the defendant made on him during the commission of the robbery in order to make his identification. Rose had worked at the store previously and was already known by sight to the victim at the time of the crime.
Further, we are in accord with the trial court's Per Curiam wherein the judge cites State v. Richey, 258 La. 1094, 249 So.2d 143 (1971) to the effect that this Court held that the refusal in an armed robbery prosecution to give requested instruction pertaining to the identification of accused as perpetrator of the crime was not error, in that instruction was given that the state had the burden of proving every element of the crime and it would be improper to emphasize the identification element by such a special charge.
We have reviewed the requested charges and find no error in the trial court's ruling. La.C.Cr.P. 807; State v. Nelson, 261 La. 153, 259 So.2d 46 (1972).
This bill is insubstantial.
Bill of Exceptions No. 16 was taken to the trial court's denial of a motion for new trial.
The motion for a new trial was made on the basis that the verdict is contrary to the law and evidence. We have repeatedly held that a ruling on a motion for a new trial, where the motion generally alleges that the verdict is contrary to law and evidence, presents nothing for this Court to review. State v. Grey, 257 La. 1070, 245 So.2d 178 (1971). This bill has no merit.
Bill of Exceptions No. 17 was taken to the denial of the defendant's Motion in Arrest of Judgment. This motion alleged *868 that R.S. 14:64 is repugnant to the "cruel and unusual punishment" clause of the 8th Amendment to the U. S. Constitution in that the statute denies persons convicted of the offense of armed robbery access to privileges such as parole, probation and suspension of sentence. This contention has been expressly rejected by this Court in numerous cases. State v. Billiot, 254 La. 988, 229 So.2d 72 (1969); State v. White, 254 La. 389, 223 So.2d 843 (1969); State v. Glantz, 254 La. 306, 223 So.2d 813 (1969).
This bill is without merit.
For these reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., concurs.