380 So.2d 43 (1980)
STATE of Louisiana
v.
Alfred Lee MATTHEWS.
No. 65415.
Supreme Court of Louisiana.
January 28, 1980.
Rehearing Denied March 3, 1980.
*44 Robert Glass, Glass & Reed, New Orleans, Thomas J. Divens, Gretna, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Francis Dugas, Dist. Atty., Walter Naquin, Asst. Dist. Atty., for plaintiff-appellee.
BLANCHE, Justice.
The defendant was indicted for first degree murder and was found guilty of manslaughter by a unanimous jury. He was sentenced to nine years imprisonment at hard labor. The incident began when the defendant's sister-in-law went shopping at Rouse's Supermarket and the owner of the store detained her on an accusation of shoplifting. Defendant's sister, who was also in the store, believed that the woman was being beaten by some of the male employees of the store and immediately called the woman's husband and asked him to come to her aid. Shortly thereafter, the husband arrived, accompanied by his two brothers, one of whom was the defendant, and demanded to know who had hit his wife. When the wife pointed to Mr. Rouse, the store owner, the two began to fight. Deputy Proctor of the Lafourche Parish Sheriff's Office, who had reported to the store to investigate the shoplifting complaint, stepped in to break up the fight and during the course of this endeavor, drew his pistol and smashed the defendant's brother across the face. During the free-for-all which then ensued, Proctor's pistol fell to the floor and the defendant picked it up and pointed it at the officer. At this point, the state's and the defendant's versions of the facts vary. According to the state, Deputy Proctor kept a distance of five feet between himself and the defendant the entire time until the shots were fired. The defense contended that Deputy Proctor grabbed the defendant's arm and during the struggle over the gun, the shots went off.
The defendant's sole argument on appeal is that the trial court erred in refusing to instruct the jury on the law of negligent homicide. The defendant had first requested that the trial court instruct the jury that negligent homicide is responsive to a first degree murder indictment and that the court deliver its standard negligent homicide definition and instruction to the jury. In the alternative, the defendant requested that the court deliver its standard negligent homicide definition to the jury and further charge the jury as follows:
"I have just defined, and instructed you on, the crime of negligent homicide. Negligent homicide is, along with first degree murder, second degree murder and manslaughter, one of the four degrees or grades of homicide provided for in the Louisiana Criminal Code. However, by a separate provision of the Louisiana Code of Criminal Procedure, the Legislature has decreed that negligent *45 homicide should not be a responsive verdict to an indictment for first degree murder. Therefore, if you believe beyond a reasonable doubt that the defendant is guilty of negligent homicide, but you do not believe beyond a reasonable doubt that he is guilty of any other grade of homicide which I have instructed is responsive to the charge of first degree murder, you must return a verdict of not guilty."
The trial court refused to give either of these instructions.
Code of Criminal Procedure art. 807 establishes the trial court's duty to give special instructions as follows:
"A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given."
The trial court properly rejected defendant's first requested instruction following this Court's decisions which have repeatedly upheld the constitutionality of Louisiana's responsive verdict system. State v. Marse, 365 So.2d 1319, 1322 (La.1979); State v. Qualls, 353 So.2d 978 (La.1977); State v. Cook, 345 So.2d 29 (La.1977). Therefore, the requested charge was not correct and pertinent, since it improperly stated the law as to the responsive verdicts to a first degree murder indictment.
While it is the duty of the trial judge to give a requested charge which does not require qualification, limitation or explanation, requested charges which are already substantially given and covered by the general charge are properly refused. State v. Badon, 338 So.2d 665 (La.1976); State v. White, 254 La. 389, 223 So.2d 843 (1969). In the instant case, the trial court instructed the jury that they must find the defendant guilty beyond a reasonable doubt before they could render a verdict of guilty of the offense charged or any lesser included offense. He further emphasized that the state must have proved each element of the offense or of a lesser included offense as follows:
"The burden that the state carries, if it wishes to overcome the defendant's presumption of innocence, extends to each element of the crime with which he is charged and each element of this crime must have been proven by the evidence ... beyond a reasonable doubt before you can vote to convict this defendant."
Because the defendant had raised the defense of an accident, the court discussed the effect of a finding of fact by the jury that the shooting was accidental. The trial judge stated, "an accident is by definition an unintentional act. The defense of accident is a full defense to the charge of shooting with a specific intent to kill or to inflict great bodily harm. The state has the burden of proving that the defendant shot the decedent with specific intent to kill or to inflict great bodily harm, and further, that the shooting was not excusable as an accident."
The court emphasized in its instructions that the jury's duty is to apply the law as given:
"You have to have moral fibre and courage to withstand any pressure put on you by your fellow jurors because you have taken an oath that you will follow the law and the law does not permit you to compromise your convictions. You can not agree to a lesser verdict for instance, that is, that the defendant is guilty of a lesser crime if you think no crime has been proven beyond a reasonable doubt... Before you can vote that the defendant is guilty of the crime with which he is charged or one of the lesser included offenses which I will discuss with you shortly, you must have been convinced beyond a reasonable doubt. Anything else would be immoral or illegal."
The instructions by the judge clearly admonished the jury that it could not return a verdict of guilty of the crime charged or any lesser included crime without first finding that the state had proved each and every element of the crime charged, or its *46 lesser included offenses, beyond a reasonable doubt.
Insofar as the requested charge on negligent homicide advised the jury of the possible accidental nature of the homicide, the charge was proper, though the trial judge more appropriately followed the mandate of C.Cr.P. art. 807 when he explained that they must exonerate the defendant if they found the shooting accidental. Therefore, we conclude that the trial court properly rejected the defendant's requested charge because he included the contingency of an accidental death in his general charge and properly advised them that a finding of accidental death should result in a verdict of not guilty. The instructions of the trial court were also clear that a verdict of guilty to any of the included offenses could not be returned unless the state had proved beyond a reasonable doubt each and every element of such lesser included offenses.
The defendant suggests that the jury returned a verdict of guilty of manslaughter rather than a not guilty verdict because they felt that defendant was at least guilty of something and that manslaughter was there only alternative. We can not and will not assume that the jury compromised their verdict in that fashion for to do so we would have to assume that each and every juror violated his oath and the duty of his office.
For the reasons assigned, the conviction and sentence of the defendant are affirmed.
AFFIRMED.
DENNIS, J., dissents with reasons.
CALOGERO, J., dissents and joins in reasons assigned by DENNIS, J.
DENNIS, Justice, dissenting.
I respectfully dissent. In State v. Marse, 365 So.2d 1319 (La.1979) we held that if one reasonable view of the evidence in a first degree murder prosecution would support a finding of negligent homicide by the jury then the trial judge's refusal to give an instruction on negligent homicide would violate a defendant's right to a wholly correct and pertinent special charge. In that case, however, we found that the trial judge's failure to give such requested instruction was harmless error.
Although the trial judge in Marse did not give the requested instruction, the jurors did receive information from the judge and defense counsel as to the law of negligent homicide and were instructed that they were required to find the defendant not guilty if there was a reasonable doubt as to all grades of the offense charged. In the present case the trial judge never actually instructed the jury on the law of negligent homicide, but spoke only generally in terms of an "accidental" killing. I do not believe that this instruction can be deemed sufficient to hold the failure to give the requested instruction on negligent homicide harmless.