MADELINE JASMINE, Judge Pro Tempore.
 

 | ¿Defendant, Bobby A. Smith, has appealed his conviction and sentence for theft. For the reasons that follow, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 The defendant was charged by the Jefferson Parish District Attorney’s Office with theft of more than $1,000.00, a violation of LSA-R.S. 14:67
 
 [1]
 
 Defendant pled not guilty at arraignment. On February 13, 2008, defendant withdrew his not guilty plea and pled guilty as charged. The trial court sentenced defendant to five years at hard labor.
 

 On the same day, the State filed a habitual offender bill of information alleging defendant was a second felony offender. Defendant entered an admission to the habitual offender bill. The district court vacated defendant’s original ^sentence
 
 *240
 
 and, in accordance with the plea agreement, imposed an enhanced sentence of five years at hard labor.
 

 On May 5, 2008, defendant filed a pro se Motion to Amend and/or Modify Sentence in the district court, asking that his habitual offender sentence be reduced. He complained, in part, that the Department of Corrections was denying him “good time” credit as a habitual offender. The district court denied defendant’s motion in an Order issued on May 23, 2008. The court reasoned that defendant’s plea agreement showed he had agreed to the five-year sentence, and that LSA-C.Cr.P. art. 881 prohibits the district court from amending a sentence once the defendant has started serving it.
 

 On May 13, 2008, defendant filed a Uniform Application for Post-Conviction Relief in the district court. He complained he received ineffective assistance of counsel at his guilty plea, in that his attorney led him to believe he would be eligible for “good time” credit when he was, in fact, ineligible to receive “good time.” Defendant also claimed his sentence was excessive. The district court interpreted defendant’s application as a motion for an out-of-time appeal. On June 23, 2008, the court issued an Order granting defendant an out-of-time appeal and dismissing his other post-conviction claims without prejudice.
 

 LAW AND DISCUSSION
 

 Under the procedure set forth in
 
 State v. Benjamin,
 
 573 So.2d 528, 530 (La.App. 4 Cir.1990),
 
 [2]
 
 appointed appellant counsel has filed an
 
 Anders
 
 brief pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and
 
 State v. Jyles,
 
 96-2669, p. 3 (La.12/12/97), 704 So.2d 241, 242 (per curiam), |4asserting that he has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.
 

 In
 
 Anders,
 
 the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if he finds his case to be wholly frivolous after a conscientious examination of it.
 
 [3]
 
 The request must be accompanied by ‘ “a brief referring to anything in the record that might arguably support the appeal” ‘ so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.”
 
 McCoy v. Court of Appeals of Wisconsin, Dist. 1,
 
 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
 

 In
 
 State v. Jyles,
 
 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an
 
 Anders
 
 brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Court explained that an
 
 Anders
 
 brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over
 
 *241
 
 the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.”
 
 State v. Jyles, supra.
 

 When conducting a review for compliance with
 
 Anders,
 
 an appellate court must conduct an independent review of the record to determine whether the appeal |,4s wholly frivolous.
 
 State v. Bradford,
 
 95-929, p. 4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the appellate court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel.
 
 Id.
 

 Defendant’s appellate counsel asserts that after a detailed review of the record, he could find no non-frivolous issues to raise on appeal. Addressing the claim defendant made in his post-conviction relief application — that his trial attorney was ineffective in failing to inform him at the time of his guilty plea that he would not be eligible for “good time” credit— appellate counsel maintains there is nothing in the record to indicate defendant was misled as to the availability of “good time” (or lack thereof) in his case.
 

 Appellate counsel points out that during defendant’s guilty plea colloquy, the district court informed him he would be sentenced to five years at hard labor, with credit for time served. The judge asked defendant whether he had discussed this information with his attorney, and defendant stated under oath that he had. Appellate counsel further notes that defendant’s guilty plea form shows the sentencing range for the charged offense and the sentence defendant would receive upon entering his plea.
 

 The habitual offender waiver of rights form likewise shows the sentencing range defendant was subject to as a second felony offender, and that his agreed-upon sentence would be five years in the Department of Corrections. The judge explained to defendant that if he admitted to the allegations in the habitual offender [ fibill, he would be sentenced to five years at hard labor as a second felony offender. Defendant indicated he understood that. Appellate counsel points out that neither the guilty plea forms nor the colloquies show any mention of “good time” eligibility-
 

 As his appellate counsel indicates, defendant is not eligible for diminution of sentence under LSA-R.S. 15:571.3, which provides, in pertinent part:
 

 C. Diminution of sentence shall not be allowed an inmate in the custody of the Department of Public Safety and Corrections if:
 

 (1) The inmate has been convicted one or more times under the laws of this state of any one or more of the following crimes:
 

 [[Image here]]
 

 (m) A violation of R.S. 14:67 which is a felony.
 

 [[Image here]]
 

 and
 

 (2) The inmate has been sentenced as an habitual offender under the Habitual Offender Law as set forth in R.S. 15:529.1, and
 

 (3) The inmate’s last conviction for the purposes of the Habitual Offender Law, was for a crime: (a) Committed during the period beginning September
 
 *242
 
 16, 1975 through September 9, 1977, inclusive of both dates, and the sentence of the court specifically denies eligibility for diminution of sentence, or (b) committed on or after September 10, 1977.
 

 Appellate counsel has filed a motion to withdraw as attorney of record, stating he has complied with the provisions of
 
 Anders
 
 and
 
 Jyles,
 
 and that he has notified defendant of his right to file a pro se brief in this appeal. Additionally, this Court sent defendant a letter by certified mail informing him that an
 
 Anders
 
 brief had been filed on his behalf and that he would have until September 3, 2008 to file a pro se supplemental brief. Defendant has not filed a supplemental brief.
 

 Based on an independent review of the record, we find there are no non-frivolous issues that can be raised on appeal. When a defendant pleads guilty, he 17normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief.
 
 State v. Wingerter,
 
 05-697, p. 5 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. Defendant filed pre-trial motions to suppress inculpatory statements, evidence, and identification. None of those motions were heard or ruled on in the district court.
 
 [4]
 
 Consequently, there are no trial court rulings defendant could have preserved for appeal under
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976).
 

 Our review of the record indicates that the minute entry for defendant’s arraignment states “attorney not present this day” and Ms. LaCambra, defendant’s attorney, “was present for pretrial conference.” A review of the transcript indicates that the defendant, the judge, and the assistant district attorney were present in open court for the arraignment. The prosecutor stated on the record that there had been a pre-trial conference earlier in chambers, during which the dates for motions and trial had been set. The court’s clerk noted that attorney Jessica LaCambra had been appointed to represent defendant, and that Ms. LaCambra had requested that an attorney from I.D.B. represent defendant that day for arraignment.
 

 There was a brief discussion about defendant’s bond, and then the following exchange took place:
 

 THE CLERK:
 

 You are going to enter a plea of not guilty.
 

 THE WITNESS [defendant]:
 

 Yes, ma’am.
 

 THE COURT:
 

 All right, sir, you have applied for an attorney, one has been appointed. She has asked one of the Indigent Defenders to stand in for you. I don’t know if that’s necessary, I’m going to enter a plea of 1 snot guilty. You have a lawyer, are you willing to do that without that lawyer here?
 

 THE WITNESS:
 

 Yes, sir.
 

 THE COURT:
 

 All right. Enter a plea of not guilty, your matter is going to be set along with the co-defendant. You will have two trial dates, one is your motion day, which is February 13th and one is your trial week, which is for the week of Monday, February 19th. Your lawyer, Ms. LaCambra, is fully aware of those dates, and she’ll be here, and she is also aware of her appointment as your law
 
 *243
 
 yer. All right, because I spoke with her this morning—
 

 THE WITNESS:
 

 Okay
 

 In
 
 State v. Rose,
 
 271 So.2d 863 (La.1973), the defendant was tried by a jury and found guilty of armed robbery, LSA-R.S. 14:64. On appeal, the defendant complained his attorney was not present at arraignment. The Supreme Court noted that the minutes were silent as to whether counsel was present at the defendant’s arraignment, but found no error, because “the defendant did enter a plea of not guilty, and, pursuant to La.C.Cr.P. art. 516, counsel could have withdrawn the plea made by the defendant and entered any other motion or plea had he so desired.”
 
 Id.
 
 at 865.
 

 As in
 
 Rose,
 
 defendant’s attorney could have — and did — change defendant’s plea after his arraignment. LSA-C.Cr.P. art. 516 provides: “When a defendant has pleaded at the arraignment without counsel, counsel subsequently appointed or procured before trial shall be given a reasonable time within which to withdraw any motion, plea, or waiver made by the defendant, and to enter any other motion or plea.”
 

 In defendant’s
 
 Anders
 
 brief, appellate counsel does not discuss whether or not defendant’s waiver of counsel at his arraignment is a non-frivolous issue to be raised on appeal. However, we find based the Louisiana Supreme Court’s holding in
 
 State v. Rose, supra,
 
 that defendant’s waiver of his right to counsel at arraignment does not require briefing by appellate counsel under the provisions of
 
 An-ders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and
 
 State v. Jyles,
 
 96-2669 (La.12/12/97), 704 So.2d 241, 242 (per curiam).
 

 The transcript of the guilty plea indicates the trial court properly advised defendant of his right to a jury trial, his right of confrontation, and his privilege against self-incrimination, as required by
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The judge ascertained that defendant understood those rights and that he wished to waive them and plead guilty. Additionally, defendant, his attorney, and the district judge signed a waiver of rights form which enumerated defendant’s rights and detailed the sentence he would receive pursuant to his guilty plea.
 

 Defendant entered an admission to the allegations in the habitual offender bill of information. The district court properly advised defendant of his right to a habitual offender hearing and his right to remain silent.
 
 [5]
 
 Defendant stated he understood those rights and wished to waive them. Defendant also completed a multiple bill waiver of rights form which contained the penalty range to which he was exposed, and the sentence he would receive.
 

 In his application for post-conviction relief in the district court, defendant appears to have raised the issue of excessive sentence. However, defendant’s habitual offender sentence was part of a sentencing agreement. The defendant is precluded from raising a claim of exces-siveness on appeal when his sentence was imposed in conformity with a sentencing
 
 *244
 
 agreement which is set forth in the record at the time that he admitted to the allegations in a multiple bill.
 
 State v. Cross,
 
 06-866, p. 4 (La.App. 5 Cir. 4/11/07), 958 So.2d 28, 30.
 

 JjjCounsel’s adequately demonstrates by full discussion and analysis that he has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion. Accordingly, defendant’s conviction and sentence are affirmed and appellate counsel’s motion to withdraw as attorney of record is granted.
 

 ERROR PATENT DISCUSSION
 

 Defendant requests an error patent review. This Court routinely reviews the record for errors patent in accordance with LSA-C.Cr.P. art. 920, regardless of whether defendant makes such a request.
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Wetland,
 
 556 So.2d 175 (La.App. 5 Cir. 1990). The following errors requiring corrective action were found in the record.
 

 First, we note that the district court failed to advise defendant of the prescriptive period for filing an application for post-conviction relief in accordance with LSA-C.Cr.P. art. 930.8. In the past, this Court has corrected this omission by ordering the trial court to properly advise the defendant of the prescriptive period in writing within ten days of the rendition of the opinion, and to then file proof in the record that the defendant received said notice. But recently, this Court followed the Second Circuit’s procedure in
 
 State v. Morris,
 
 40,322, p. 5 (La.App. 2 Cir. 1/25/06), 920 So.2d 359, 363, of advising the defendant by way of the opinion rather than by remand.
 
 State v. Davenport,
 
 08-463 (La.App. 5 Cir. 11/25/08), 2 So.3d 445. Accordingly, by this opinion, the defendant is advised that in accordance with LSA-C.Cr.P. art. 930.8 he has two years from the date his conviction and sentence become final to seek post-conviction relief.
 

 |nSecond, the errors patent review reveals a sentencing error requiring correction: the commitment entry fails to note the grade of the offense. The commitment minute entry provides that the defendant pled guilty on “count 1) 14:67 F III THEFT valued at over $1000.00.” The commitment further provides the defendant pled guilty under R.S. 15:529.1 “on count 1) 14:67 F III THEFT as a second felony offender.” The crime of theft establishes grades of offense based on the value of the misappropriation. The statute specifically penalizes three grades of theft: that is, those valued at more than $500.00, LSA-R.S. 14:67(B)(1); more than $300.00 but less than $500.00, LSA-R.S. 14:67(B)(2), or less than $300.00, LSA-R.S. 14:67(B)(3). The theft statute contains no paragraph F.
 

 In
 
 State v. Taylor,
 
 07-474 (La.App. 5 Cir. 12/27/07), 975 So.2d 10, a case involving simple criminal damage to property, this Court noted that the commitment entry did not reflect the proper grade of offense. The matter was remanded for the district court to correct the commitment entry to reflect the proper grade of offense.
 
 Id.
 
 at 16.
 
 See also, State v. Ramsdell,
 
 06-644 (La.App. 5 Cir. 12/27/06), 949 So.2d 508.
 

 Accordingly, this matter is remanded and the district court is ordered to correct the commitment minute entry to correctly state the grade of offense for which the defendant was convicted.
 

 Additionally, we note that the district court erred in failing to order that defendant serve the habitual offender sentence without benefit of probation or suspension of sentence, as required by LSA-R.S. 15:529.1 G. No corrective action is necessary, since LSA-R.S. 15:301.1 makes the
 
 *245
 
 provision self-operating.
 
 State v. Dorsey,
 
 07-67, p. 7 (La.App. 5 Cir. 5/29/07), 960 So.2d 1127, 1131.
 

 .CONCLUSION
 

 For the foregoing reasons the defendant’s conviction and sentence are affirmed. This matter is remanded to the district court for the limited purpose of correcting the commitment.
 

 AFFIRMED; REMANDED
 

 [1]
 

 . Under LSA-R.S. 14:67 B(l), the greatest grade of the offense is actually theft in the amount of $500.00 or more.
 

 [2]
 

 . The procedure set forth in
 
 Benjamin
 
 for compliance with
 
 Anders
 
 was sanctioned by the Louisiana Supreme Court in
 
 State v. Mention,
 
 95-0981, pp. 1-2 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in
 
 State v. Bradford,
 
 95-929, pp. 3-4 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.
 

 [3]
 

 . The United States Supreme Court most recently reaffirmed its position in
 
 Anders
 
 in
 
 Smith v. Robbins,
 
 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).
 

 [4]
 

 . Defendant waived his outstanding motions by entering a guilty plea without complaining that the district court had neither heard nor ruled on them.
 
 See State v. Corzo,
 
 04-791, p. 2 (La.App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102.
 

 [5]
 

 . LSA-R.S. 15:529.1(D)(1)(a) requires that the Defendant be advised of the specific allegations contained in the habitual offender bill of information and his right to a formal hearing at which the State must prove its case. Implicit in this requirement is the additional requirement that the Defendant be advised of his constitutional right to remain silent.
 
 State v. Johnson,
 
 432 So.2d 815, 817 (La.1983);
 
 State v. Bell,
 
 03-217, p. 4 (La.App. 5 Cir. 5/28/03), 848 So.2d 87, 90.