HILLARY J. CRAIN, Judge Pro Tern.
 

 |2On September 9, 2008, the Jefferson Parish District Attorney filed a bill of information charging defendant, Charles E. Miller, with purse snatching in violation of LSA-R.S. 14:65.1. At the July 28, 2009 arraignment, defendant pled not guilty. On March 8, 2010, the State filed a notice of intent to introduce inculpatory statements and a notice of intent to introduce 404(B) evidence.
 
 [1]
 
 Defendant filed a motion in limine to exclude evidence of other crimes. These motions were heard and then held open for the trial judge’s rulings. Later on March 8, 2010, defendant withdrew his not guilty plea and pled guilty as charged. After defendant was advised of his Boykin
 
 [2]
 
 rights, the trial judge accepted his guilty plea and sentenced him to ten years imprisonment at hard labor.
 

 IsAlso on March 8, 2010, the State filed a multiple offender bill of information alleging that defendant was a second felony offender. After being advised of his rights, defendant stipulated to the multiple bill. The trial court vacated defendant’s original sentence and thereafter sentenced him as a second felony offender to ten years imprisonment with the Department of Corrections, without benefit of parole, probation, or suspension of sentence. On September 20, 2010, the trial court granted defendant an out-of-time appeal.
 

 ASSIGNMENT OF ERROR
 

 On appeal, defendant contends that the district court’s decision to admit his al
 
 *741
 
 leged statement, as well as the items that were taken from his person upon arrest, constituted reversible error because that ruling would guarantee his conviction due to his bad character and the belief that he may have committed other crimes. Defendant asserts that the district court’s ruling created undue prejudice to the defense and gave extreme leverage to the State, and therefore, this Court should reverse his conviction and remand the matter to the district court for a new trial.
 

 We first note that there is no indication in the record before us that the district court ruled on the State’s motions at issue herein, and therefore, there are no rulings for this Court to review.
 
 [3]
 
 Moreover, even if there had been rulings by the district court, defendant failed to preserve the issues for appeal.
 

 It is well settled that a plea of guilty normally waives all non-jurisdictional defects in the proceedings prior to the plea, but a defendant may reserve his right to appeal an adverse prior ruling of the trial court.
 
 State v. Crosby,
 
 338 So.2d 584, 586 (La.1976). A defendant may be allowed appellate review, if, at the time he enters a guilty plea, he expressly reserves his right to appeal a specific adverse ruling in the case.
 
 State v. Reed,
 
 10-527 (La.App. 5 Cir. 2/15/11), 61 So.3d 74, 77. A defendant who fails to specify which pretrial ruling he wishes to reserve for appeal as part of a guilty plea entered under
 
 Crosby
 
 is not precluded from review altogether, but his appellate review may be limited in scope.
 
 State v. Richardson,
 
 09-714 (La.App. 5 Cir. 2/9/10), 33 So.3d 903, 906-07,
 
 writ denied,
 
 10-0526 (La.10/15/10), 45 So.3d 1109.
 

 Although defendant argues that he is filing this appeal pursuant to
 
 State v. Crosby, supra,
 
 the record does not reflect that defendant, who was represented by counsel, specified at any time that his guilty plea was being made pursuant to
 
 Crosby.
 
 Instead, defendant entered an unqualified plea of guilty. Both the signed waiver of rights forms and colloquies in court are void of any suggestion that the guilty plea was made subject to the reservation of appellate review of prior rulings. In fact, the waiver of rights form for the purse snatching conviction reflects that defendant’s counsel signed the form, acknowledging that he advised defendant that his only appeal was for review of jurisdictional defects.
 

 In the present case, defendant did not tender his plea pursuant to
 
 State v. Crosby, supra,
 
 and therefore, we find that defendant waived his right to appellate review of the arguments presented herein.
 

 ERROR PATENT DISCUSSION
 

 We have also reviewed the record for errors patent in accordance with LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312
 
 *742
 
 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990).
 

 Our review reveals that that defendant was not properly advised of the prescriptive period for filing post-conviction relief pursuant to LSA-C.Cr.P. art. |s930.8. The commitment reflects a proper advisal of the prescriptive period after defendant’s original sentence was imposed. However, the transcript and the waiver of rights form from defendant’s original sentencing reflect that defendant was advised that he had “two years from today’s date to seek post-conviction relief.” In accordance with the procedure now routinely employed by this Court, we advise defendant, by this opinion, that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of LSA-C.Cr.P. art. 914 or 922.
 
 See State v. Smith,
 
 08-579 (La.App. 5 Cir. 2/25/09), 9 So.3d 238, 244, and
 
 State v. Ridgley,
 
 08-675 (La.App. 5 Cir. 1/13/09), 7 So.3d 689, 703,
 
 writ denied,
 
 09-0374 (La.11/6/09), 21 So.3d 301.
 

 We further note an error with regard to the restriction of benefits in defendant’s sentence. As reflected in the commitment and the sentencing transcript, defendant’s enhanced sentence was imposed without benefit of parole, probation, or suspension of sentence. Neither the underlying statute nor the habitual offender statute provides for a prohibition of parole.
 
 See
 
 LSA-R.S. 14:65.1; LSA-R.S. 15:529.1(G).
 

 When a sentencing error involves the imposition of restrictions beyond what the legislature has authorized in the sentencing statute, the Louisiana Supreme Court has ruled that the appellate courts should not rely on LSA-R.S. 15:301.1(A) to correct the error as a matter of law but should correct the sentence on its own authority under LSA-C.Cr.P. art. 882 to correct an illegal sentence “at any time.”
 
 State v. Sanders,
 
 04-17 (La.5/14/04), 876 So.2d 42
 
 (per
 
 curiam);
 
 State v. Johnson,
 
 09-454 (La.App. 5 Cir. 11/24/09), 28 So.3d 1125, 1132,
 
 writ denied,
 
 10-0001 (La.6/25/10), 38 So.3d 355. Thus, we amend defendant’s enhanced sentence to delete Lthe prohibition of parole. In accordance with our amendment, we remand the matter with instructions to the district court to amend the minute entry to reflect this change and to the clerk of court to transmit the amended minute entry to the officer in charge of the institution to which the defendant has been sentenced.
 
 See
 
 LSA-C.Cr.P. art. 892(B)(2);
 
 State ex rel. Roland v. State,
 
 06-0244 (La.9/15/06), 937 So.2d 846
 
 (per
 
 curiam).
 

 For the reasons set forth herein, we affirm defendant’s conviction and sentence, as amended, and remand the matter to the district court with instructions relating to the amended sentence.
 

 CONVICTION AND SENTENCE AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTIONS.
 

 [1]
 

 .
 
 See
 
 LSA-C.E. art. 404(B), which involves the admissibility of other crimes, wrongs, or acts.
 

 [2]
 

 .
 
 Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)
 

 [3]
 

 . In his brief, on page four, defendant states as follows: "The district court ruled that the statement allegedly made to Ms. Williams as well as the items confiscated from Miller’s person were admissible. Defense counsel objected to the court's ruling and it is argued herein that said ruling was reversible error.” The record before us does not support this assertion, but rather supports the State's contention that there were no rulings on these issues. The record does not reflect a ruling on the admissibility of defendant’s statement in question or the admissibility of the other crimes evidence. When a defendant does not object to the trial court’s failure to hear or rule on a pre-trial motion prior to pleading guilty, the motion is considered waived.
 
 State v. Corzo,
 
 04-791 (La.App. 5 Cir. 2/15/05), 896 So.2d 1101, 1102. In the present case, there is no indication that defendant objected to the lack of rulings, and in fact, he acknowledged that "the Court hadn’t ruled on any of the motions that we went over earlier.”