783 So.2d 398 (2001)
STATE of Louisiana
v.
Chad UPCHURCH.
No. 00-KA-1290.
Court of Appeal of Louisiana, Fifth Circuit.
January 30, 2001.
*400 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Churita H. Hansell, Ron A. Austin, Assistant District Attorneys, Gretna, LA, Attorneys for Plaintiff/Appellee.
Bertha M. Hillman, Louisiana Appellate Project, Thibodaux, LA, Attorney for Defendant/Appellant.
Panel composed of Judges GOTHARD, CANNELLA and H. CHARLES GAUDIN, Pro Tempore.
GOTHARD, Judge.
Defendant, Chad Upchurch, appeals his conviction and sentence on a charge of simple criminal damage to property in an amount in excess of $500.00, but less than $50,000.00. For reasons that follow, we affirm.
On January 12, 2000, the Jefferson Parish District Attorney filed a bill of information charging defendant, Chad Upchurch, with one count of simple criminal damage to property with damage in an amount in excess of $500.00 in violation of LSA-R.S. 14:56. At his arraignment on March 2, 2000, defendant pled not guilty.
The defendant was tried before a six-member jury which returned a verdict of guilty as charged. During the same proceeding, defendant orally moved for new trial, which was considered and denied by the trial court. Subsequently, the trial court sentenced defendant to eighteen months in the Department of Corrections. The sentence was suspended, and the defendant was placed on eighteen months of active probation and ordered to make restitution in the amount of $250.00. Defendant filed a timely motion for appeal, which was granted.
At trial the jury heard evidence from Detective Charles Cassard of the Jefferson Parish Sheriff's Office. Detective Cassard stated that on November 12, 1999, he was driving home from dinner with his wife and daughter on Stumpf Boulevard. As they passed the corner of Stumpf and Wright Boulevards, Cassard noticed a car pulling out of a strip mall parking lot. As the car was attempting to pull out, the detective saw a man kick the passenger side of the car.
Detective Cassard continued driving and saw that the driver of the car had stopped at Stumpf and Heritage. The detective stopped and talked to the driver. Detective Cassard said that he would bring his wife and daughter home and then meet the driver at a gas station at Stumpf and Terry Parkway. After dropping off his wife and daughter, Detective Cassard returned to the gas station and spoke with Officer Schmitt, who arrived at the scene. Detective Cassard gave a general description of the person who kicked the car, but said he would be unable to identify the person.
Michael Ditrapani testified that on November 12, 1999 he was delivering pizzas for Papa John's Pizza. On his way back from a delivery, Mr. Ditrapani decided to *401 stop at Allie's Food Mart on Stumpf Boulevard. As Mr. Ditrapani was attempting to pull back onto Stumpf out of the parking lot, he felt his car being rocked. He looked up and saw defendant kicking his car. Mr. Ditrapani could not pull out because of oncoming traffic, so defendant continued to kick his car. Defendant also spit on the passenger side window of Mr. Ditrapani's car.
Mr. Ditrapani was finally able to pull out onto Stumpf and drove to Heritage where he stopped to look at the damage to his car. While he was there, Detective Cassard stopped and spoke with him about the incident. Mr. Ditrapani then called the police from a gas station at Terry Parkway and Stumpf Boulevard to report the incident.
Officers Woodruff and Schmitt responded to Mr. Ditrapani's call. Mr. Ditrapani accompanied the officers back to where the incident took place. Officer Woodruff went into the Casablanca Lounge located in the area where the incident occurred, and came out with defendant. Mr. Ditrapani identified defendant as the person who kicked his car.
Mr. Ditrapani testified that defendant's kick broke the door and the fiberglass panel that is on the side of the car. Mr. Ditrapani further testified that he got an estimate in the amount of $1,008.45 to repair the damage.
Deputy Donna Schmitt testified that on November 12, 1999, she responded to a disturbance call that one man had kicked another person's car. When she arrived she noticed damage to Mr. Ditrapani's car, and what appeared to be saliva on the front passenger window. Deputy Schmitt spoke with Mr. Ditrapani and Detective Cassard. After speaking with them, Deputy Schmitt took Mr. Ditrapani back to the area where the incident occurred. Once they arrived, Mr. Ditrapani identified defendant as the person who kicked his car.
Deputy Schmitt testified that she could not determine whether the damage to Mr. Ditrapani's car was old or new, but that the spit on Mr. Ditrapani's car was new.
The defense presented evidence from John Parsons. Mr. Parsons testified that on the night of the incident, he was drinking with defendant at a bar they normally frequent. As he and defendant were leaving, they noticed something suspicious going on near defendant's car. They noticed that a car driven by Mr. Ditrapani was leaving the area where defendant's car was parked. Mr. Parsons went to check defendant's car for damage. Mr. Parsons testified that he did not see defendant kick Mr. Ditrapani's car.
Defendant took the stand and testified that he and Mr. Parsons were drinking at the Casablanca Lounge on November 12, 1999. As they left the bar, defendant saw Mr. Ditrapani stand up near the front of defendant's car and then go and get into his own car. Defendant then ran over to Mr. Ditrapani and asked him what was going on. At this point, Mr. Ditrapani cursed him and defendant walked away. Mr. Ditrapani eventually left, and defendant went back into the bar. Defendant denied damaging Mr. Ditrapani's car.
In brief to this Court, the defendant assigns one error. He maintains there was insufficient evidence to support a verdict of guilty of simple damage to property. Specifically, defendant argues that his conviction should be overturned because the State failed to present sufficient evidence to support the finding that he damaged Mr. Ditrapani's car.
Defendant was charged with simple criminal damage to property in violation of LSA-R.S. 14:56, which reads in pertinent part as follows:

*402 A. Simple criminal damage to property is the intentional damaging of any property of another, without the consent of the owner, and except as provided in R.S. 14:55, by any means other than fire or explosion.
In reviewing claims challenging the sufficiency of the evidence, this Court must consider "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis in original). See also, LSA-C.Cr.P. art. 821(B); State v. Mussall, 523 So.2d 1305, 1308-1309 (La.1988).
A determination of the weight of evidence is a question of fact, resting solely with the trier of fact who may accept or reject, in whole or in part, the testimony of any witnesses. State v. Silman, 95-0154 (La.11/27/95), 663 So.2d 27, 35. A reviewing court may impinge on the factfinding function of the jury only to the extent necessary to assure that the defendant has received due process of law. State v. Bordenave, 95-2328 (La.4/26/96), 678 So.2d 19, 20 (quoting Jackson, 443 U.S. at 319, 99 S.Ct. at 2789). It is not the function of an appellate court to assess credibility or reweigh the evidence. Appellate review for minimal constitutional sufficiency of evidence is a limited one restricted by the standard developed in Jackson v. Virginia, supra. State v. Rosiere, 488 So.2d 965, 968 (La.1986) (and the cases cited therein).
As stated in State v. Pascual, 98-1052 (La.App. 5 Cir. 3/30/99), 735 So.2d 98:
It is the role of the fact finder to determine the weight of the evidence and the jury may accept or reject, in whole or in part, the testimony of any witness. The appellate courts may not second guess the jury's rational credibility determinations (citation omitted). Id. at 101.
In the present case, the State presented the testimony of Detective Cassard, who saw Mr. Ditrapani's car being kicked, but who could not identify the person who kicked the car. He was only able to give a general description of the perpetrator. The State also presented the testimony of Mr. Ditrapani, who identified the defendant as the person who kicked his car. The State also presented testimony that defendant was found in the area where the incident occurred and Mr. Ditrapani identified him.
On appeal, defendant admits that the State was able to establish through the testimony of Detective Cassard that someone kicked Mr. Ditrapani's car, but argues that there was no evidence to establish that defendant was the person who kicked the car. This claim ignores the direct testimony of Mr. Ditrapani that defendant was the person who kicked his car.
Given the evidence presented at trial, we believe the jury found the State's version of the incident to be credible and thus, could rationally find sufficient evidence to support a verdict of guilty as charged on the offense of simple criminal damage to property. We find no merit in this assignment.
We have conducted a review of the record for errors patent in accordance with LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990), and have found several. Initially, we find the bill of information deficient in that it states the minimum value of the damage as $500.00, but does not state the maximum amount of damage. LSA-R.S. 14:56B provides three grades of the offense of criminal damage to property. The second grade involves damage of $500.00, but less than $50,000.00, and is punishable with or without *403 hard labor for not more that two years, or a fine of not more than $1,000.00, or both.
Allegations in the indictment must be sufficient to enable the defendant to prepare for trial, and to allow the court to determine the propriety of the evidence which is submitted at the trial, and to impose the correct punishment on a verdict of guilty. State v. Dozier, 258 La. 323, 246 So.2d 187 (1971). Value or price must be alleged in the indictment if it is essential to determine the grade of the offense. LSA-C.Cr.P. art. 470. However, if the sufficiency of an indictment or information is not questioned at the trial, the bill of information must be held to be sufficient unless it is so defective that it does not, by any reasonable construction, set forth an identifiable offense. State v. Storms, 406 So.2d 135 (La.1981).
In the instant case we believe that, although the bill of information is defective in that it only states the minimum and not the maximum damage, it is sufficient to meet the requirements of the above cited law. Under the applicable statute, any amount of damage over $500.00 constitutes a relative felony and would require a jury trial. Thus, because the minimum amount is stated, it is clear that the crime charged is a relative felony under the statute, regardless of the maximum amount. Accordingly, we do not find the defect to be reversible error.
We also find the jury verdict to be defective because, it merely states that the jury found the defendant guilty of criminal damage to property valued at over $500.00. There is no maximum amount included. However, we believe it is sufficiently clear from the jury charge given and the testimony of the victim that the damage to his car was about $1,000.00, that the jury found the defendant guilty of simple criminal damage to property where the damage done amounted to $500.00 or more, but less than $50,000.00. Accordingly, we do not find the verdict so defective as to be reversible.
We also note that the trial court did not observe the appropriate delays between verdict and sentencing, and between denial of the oral motion for new trial and sentencing. However, those delays can be waived and we find the transcript sufficient to show waiver of both delays.
We note an error in sentencing in that the trial court did not state whether the sentence was to be served with or without hard labor. In sentencing defendant the trial judge stated, "Mr. Upchurch, I'm going to sentence you to eighteen months in D.O.C. I'm going to suspend it." The commitment states that the suspended sentence is to be served at hard labor. Where there is a discrepancy between the minutes and the transcript, the transcript prevails. See, State v. Lynch, 441 So.2d 732 (La.1983); State v. Richard, 525 So.2d 1097, 1101 (La.App. 5th Cir.1988), writ denied, 538 So.2d 609 (La.1989). While the transcript does not specifically state that the sentence is to be served at hard labor, it does sentence the defendant to serve the sentence in D.O.C. Only individuals actually sentenced to death or confinement at hard labor shall be confined to the Department of Corrections. LSA-R.S. 15:824C: State v. Boyd, 94-641 (La.App. 5 Cir. 12/28/94), 649 So.2d 80. Accordingly, we do not find it necessary to remand the matter for re-sentencing.
Finally, the trial court failed to inform the defendant of the prescriptive period for post-conviction relief as required by LSA-C.Cr.P. art. 930.8C. We remand the case to the district court and order the district court to inform the defendant of the provisions of LSA-C.Cr.P. art. 930.8C by sending appropriate written *404 notice to the defendant within ten days of the rendition of this opinion and to file written proof that defendant received the notice in the record of the proceedings. See, State v. Kershaw, 94-141 (La.App. 5 Cir. 9/14/94), 643 So.2d 1289; State v. Hall, 95-1073 (La.App. 5 Cir. 4/16/96), 673 So.2d 1127.
AFFIRMED WITH ORDER.