975 So.2d 10 (2007)
STATE of Louisiana
v.
Dartainan N. TAYLOR.
No. 07-KA-474.
Court of Appeal of Louisiana, Fifth Circuit.
December 27, 2007.
*11 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Andrea F. Long, Assistant *12 District Attorneys, Parish of Jefferson, Gretna, Louisiana, for Plaintiff/Appellee.
Martin E. Regan, Jr., Karla M. Baker, Attorneys at Law, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., MARION F. EDWARDS, and FREDERICKA HOMBERG WICKER.
FREDERICKA HOMBERG WICKER, Judge.
This is a criminal proceeding in which the defendant Dartainan N. Taylor timely appeals his simple criminal damage to property conviction, a violation of La. R.S.14:56, and his two-year suspended hard labor sentence. We affirm the conviction and sentence. We remand with instructions.
On April 11, 2007, the defendant entered into a colloquy with the trial judge and waived his right to a jury trial. That day, the trial judge found the defendant guilty of simple criminal damage to property over $500.00. After the defendant waived sentencing delays, he was sentenced.[1]
FACTS
According to victim Claude Moses, Jr., on December 6, 2005, the defendant bashed Moses' car with a baseball bat and pulled a gun on Moses. On the other hand, the defendant testified denying the allegations. Moses' other vehiclea truckhad been previously vandalized. Moses stated he had stayed with the defendant for about two days prior to the incident. Moses testified he had a conversation with the defendant regarding Moses' girlfriend and Moses' truck, which had previously received four flat tires and sugar in its tank. Moses, however, stated he did not believe his girlfriend damaged this car, but admitted she knew the location of the defendant's house.
Moses testified that on the day of the incident, he went to the defendant's house. The defendant was not there at the time, but when Moses called him, the defendant said he was on his way. Moses and the defendant's younger brother went to the store and bought a pizza. When they returned to the defendant's house, someone was dropping the defendant off. Moses and the defendant's brother went inside to start cooking the pizza. Moses stated that the defendant never came inside. While Moses was inside, he heard the breaking of glass and went outside to find the defendant *13 holding a baseball bat with tape around it and bashing the windows out of his car. Moses testified that he did not know of anyone who was outside with the defendant at this time. According to Moses, when he asked the defendant what was going on, the defendant responded for him to get away from his house and that he did not want to catch Moses there again. Moses testified that the defendant also pulled out a gun. Moses stated that he entered his car and drove to a Time Saver, where he called the police.
Deputy Thelma Hill responded to the call. Deputy Hill testified that the victim was upset about his damaged car and fearful for his life. The victim named the defendant as the perpetrator.
At trial Moses identified the defendant as the individual who hit his car with a baseball bat and threatened him with a gun. Moses also identified photographs of his damaged 1996 Toyota Avalon. An estimate from Lakeside Toyota on the windows and body damage to the car totaled $4064.73.
Aderious Simmons, the defendant's brother, testified that he knew Moses' tires were flattened and sugar was put in the tank of his truck. He testified that Moses believed Moses' girlfriend was responsible. Simmons also testified that the defendant was not present when he and Moses returned with the pizza. Simmons acknowledged there was a wooden bat with black tape around the handle behind the door of a bedroom. He testified that Moses went outside the house, yelling, and that he did not hear the defendant or any loud noises.
The defendant testified that he knew Moses for over ten years and Moses had been staying with him for a couple of days. According to the defendant, Moses was hiding his new car because Moses' girlfriend had destroyed Moses' truck. He testified that when he got home, Moses' car was there so he told Moses to come outside and then told him to leave because of things he had been hearing about drugs. The defendant agreed that a bat was kept in his brother's room. He also stated that sometimes it was behind the front door. He owned a gun, but denied pulling a gun on Moses.
Moses testified that the defendant told him he bought a gun from a State Trooper. The defendant, however, denied telling Moses this, and the defense presented a firearm receipt to dispute the claim the defendant purchased the gun from a trooper.
The defendant stated that the car was still intact when it left his house.
ASSIGNMENT OF ERROR NUMBER ONE
THE TRIAL COURT ERRED IN FINDING SUFFICIENT EVIDENCE TO CONVICT MR. TAYLOR OF SIMPLE CRIMINAL DAMAGE TO PROPERTY OVER $500.00.
DISCUSSION[2]
The defendant argues the State failed to prove beyond a reasonable doubt that he damaged Moses' car because Moses was not a credible witness and his testimony was not corroborated. He contends the State did not exclude the reasonable *14 hypothesis that someone else, such as the victim's girlfriend, could have damaged the car.
The State disagrees.
The defendant was convicted of simple criminal damage to property in violation of La.R.S. 14:56. According to R.S. 14:56(A), "[s]imple criminal damage to property is the intentional damaging of any property of another, without the consent of the owner, and except as provided in R.S. 14:55,[3] by any means other than fire or explosion." (Footnote added). "The crime of simple criminal damage to property requires only general criminal intent." State v. Shaw, 37,168, p. 10 (La. App. 2 Cir. 6/25/03), 850 So.2d 868, 875 (citing LSA-R.S. 14:11). An owner's lack of consent to malicious vandalism of an owner's property can often be inferred circumstantially from the evidence presented. State v. Jupiter, 06-93, p. 6 (La. App. 5 Cir. 6/28/06), 934 So.2d 884, 888 (citation omitted).
The appropriate standard of review for determining the sufficiency of the evidence was established in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). According to Jackson, supra, at 319, 99 S.Ct. 2781 (citation omitted), the reviewing court must decide, after viewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. See also State v. Holmes, 98-490, p. 3 (La.App. 5 Cir. 3/10/99), 735 So.2d 687, 690.
"Additionally, where circumstantial evidence forms the basis of the conviction, the evidence must exclude every reasonable hypothesis of innocence, `assuming every fact to be proved that the evidence tends to prove.' La. R.S. 15:438; see State v. Neal, XXXX-XXXX p. 9 (La.6/29/01), 796 So.2d 649, 657, cert. denied, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002)." State v. Watson, 00-1580 (La.5/14/02), 817 So.2d 81, 92, cert. denied, Draughn v. Louisiana, ___ U.S. ___, 128 S.Ct. 537, 169 L.Ed.2d 377 (2007).
The crux of the defendant's argument is that Moses' testimony was not credible. Thus, the trial judge should have rejected it. Thus, the argument questions the credibility of the witness.
"The requirement that the evidence be viewed in the light most favorable to the prosecution obliges the reviewing court to defer to `[t]he actual trier of fact's rational credibility calls, evidence weighing and inference drawing.'" State v. Marcantel, 00-1629 (La.4/3/02), 815 So.2d 50, 56. (citation omitted). "The reviewing court is not permitted `to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence.'" Id. "It is not the function of an appellate court to assess credibility or re-weigh the evidence." Id. (citation omitted).
"In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual finding." State v. Addison, 00-1730 (La.App. 5 Cir. 5/16/01), 788 So.2d 608, 613, writ denied, 01-1660 (La.4/26/02), 814 So.2d 549 (citation omitted).
The defendant suggests that an ex-girlfriend could have been responsible for the damage to Moses' car. At trial, testimony was presented regarding previous damage to Moses' truck and that Moses believed his ex-girlfriend was responsible for this. *15 However, Moses testified that his ex-girlfriend was not responsible for the damage to his car. Moses said he believed the defendant was alone outside with his car. Further, Moses testified that he observed the defendant damaging his car with a bat. He testified that he immediately called the police after leaving the defendant's house.
The defendant denied that he vandalized Moses' car and stated that the car was still intact when it left his house. However, after hearing the testimony and evaluating the credibility of the witnesses, the trial judge apparently believed that the defendant committed simple criminal damage to property.
After viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the defendant guilty of simple criminal damage to property beyond a reasonable doubt.
This assignment of error lacks merit.
ERROR PATENT DISCUSSION
The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
We note a non-reversible error patent in the bill of information. There are three grades for the criminal damage to property offense based on the damage value. The grades determine the sentencing exposure. These are: (1) less than $500.00; (2) $500.00 but less than $50,000; and, (3) $50,000 or more. La.R.S. 14:56(B)(1), (B)(2), and (B)(3). The bill of information charged the defendant with criminal damage to property of Claude Moses' 1996 Toyota Avalon with a value greater than $500.00. La.C.Cr.P. art. 465(A)(19) authorizes the following short form indictment:
Simple Criminal Damage to Property A.B. committed simple criminal damage to _____ (state the property damaged) with the damage amounting to ______ dollars.
In this case, the bill did not specify the amount of damage but stated it was greater than $500. Moreover, it did specify the amount was less than $50,000. Thus, the bill was deficient for failure to specify the amount as required by the short form indictment. We held in State v. Upchurch, 00-1290 (La.App. 5 Cir. 1/30/01), 783 So.2d 398, 403 that although the bill was defective in that it only stated the minimum and not the maximum damage, it was sufficient.
We further note that at the conclusion of trial, the trial judge merely stated that he found the defendant guilty of criminal damage to property valued at over $500.00. He failed to include the maximum amount for the grade of the offense.
The Louisiana Supreme Court cases of State v. Jackson, 04-2863 (La.11/29/05), 916 So.2d 1015 (guilty plea to a crime that was not responsive to the crime charged in the bill of information), and State v. Jones, 05-0226 (La.2/22/06), 922 So.2d 508 (conviction returned by an improper configuration of jurors) signal a recent change of direction for the appellate courts regarding defects in the proceedings as "error patent." State v. Price, 05-2514 (La.App. 1 Cir. 12/28/06) 952 So.2d 112, 124.[E]ven violations of the constitution, that are not inherently prejudicial to the defendant are no longer considered reversible "patent error." Id.
We find the error is not inherently prejudicial to the defendant. We conclude it is sufficiently clear from the testimony of the victim that the damage to his car was less than $50,000, and that the trial judge found the defendant guilty of simple criminal damage to property where the damage done amounted to $500.00 or *16 more, but less than $50,000.00. Compare, State v. Upchurch, 00-1290 (La.App. 5 Cir. 1/30/01), 783 So.2d 398, 403 (jury verdict not so defective as to be reversible).
We note, however, that the commitment/minute entry does not reflect the proper grade of the offense. The commitment reflects defendant was found guilty of simple criminal damage to property "$500+." This notation is inaccurate, since defendant's offense was simple criminal damage to property where the damage done amounted to $500.00 or more, but less than $50,000.00. Compare, State v. Chisley, 06-900 (La.App. 5 Cir. 4/24/07), 957 So.2d 226, 229; State v. Ramsdell, 06-644 (La.App. 5 Cir. 12/27/06), 949 So.2d 508, 513 (La.App. 5 Cir. Dec 27, 2006). The district court is directed to make an entry in the minutes/commitment reflecting the proper grade of the offense, i.e. simple criminal damage to property where the damage done amounted to $500.00 or more, but less than $50,000.00. The clerk of court is directed to transmit the original of the minute entry/commitment to the officer in charge of the institution to which the defendant has been committed. See, State ex rel. Roland v. State, 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam).
Finally, we note that the trial court failed to advise the defendant of the prescriptive period for post-conviction relief as provided in La.C.Cr.P. art. 930.8.
Accordingly, it is ordered that the defendant's conviction and sentence are affirmed. We further order that this case be remanded to allow the trial court to amend the commitment as directed above. Finally, we order that the trial court send the defendant written notice of the prescriptive period for post-conviction relief applications within 10 days of this judgment, and that evidence of said notice be filed in the record. See State v. Jupiter, 06-93 (La.App. 5 Cir. 6/28/06), 934 So.2d 884, 895 (citation omitted).
CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS.
NOTES
[1] The trial judge imposed a two-year sentence. He then suspended the sentence and placed the defendant on two-years active probation. Next, he added that the defendant pay a $300 fine plus costs, and make restitution to the victim in the amount of $4,064.73. The trial judge awarded a lump sum payment to the victim in accordance with La.C.Cr.P. art. 895.1(A)(1). The probation conditions form signed by the judge and the defendant recognized that the fine, costs, and restitution were conditions of probation. The commitment signed by the judge also reflects that those are the probation conditions. The failure of the trial judge to precisely state in the sentencing transcript that these were "probation conditions" was not inherently prejudicial and did not affect the substantial rights of the defendant. See, La.C.Cr.P. art. 921; Compare, State v. Mayer, 99-3124 (La.3/31/00), 760 So.2d 309, 310 (per curiam) (To the extent that the commitment/minute entry reflects that the trial judge vacated the defendant's original sentence and thereby eliminated any possible confusion as to the terms of the defendant's confinement, the failure of the transcript of the multiple offender hearing to show that the court did so before sentencing the defendant as a multiple offender did not affect the substantial rights of the defendant). Here, the defendant clearly was aware as was the trial judge of the probation conditions.
[2] Defense counsel filed an appellant brief on August 20, 2007, raising three assignments of error: (1) insufficient evidence; (2) no judge finding of guilt; and, (3) no jury trial waiver. The State filed a brief in response and had the record supplemented. The supplement corrects the record. The supplemental transcripts show a judge finding of guilt and a jury trial waiver. Later, defense counsel filed a supplemental brief on October 15, 2007, only raising the first assignment of error previously asserted in the original brief. Defense counsel requested that this Court only consider the supplemental brief filed.
[3] La.R.S. 14:55 provides in pertinent part that "[a]ggravated criminal damage to property is the intentional damaging of any structure, watercraft, or movable, wherein it is foreseeable that human life might be endangered, by any means other than fire or explosion."