MADELINE JASMINE, Judge Pro Tempore.
 

 |2The defendant, Rima T. Judeh, has appealed her conviction of theft in violation of LSA-R.S. 14:67. For the reasons that follow, we affirm.
 

 FACTS:
 

 At trial, Ann Rapp testified that she knew the defendant from supervising her as a student and part-time worker at Moler Beauty College in Kenner. Ms. Rapp testified that the defendant was employed there from June 4, 2002 until March of 2004. Ms. Rapp explained that as a part-time employee defendant worked at the front desk, assigning clients to students and cleaning up the school. She further testified that the defendant was paid $7.00 an hour in the form of a personal check from the owner of the school. She stated that defendant’s employment was not reported to tax authorities. Ms. Rapp testified that the defendant spoke English fairly well and did not have difficulties communicating.
 

 Rhonda Cope, a social services supervisor with the Office of Family Support for the State of Louisiana, testified that her handwriting appeared on State’s ^Exhibit 2, the form by which the defendant applied for benefits for herself and her three children. During her testimony, Ms. Cope went over this form, dated February 10, 2003, noting that the defendant specifically indicated that she was not employed. The defendant further indicated on the form that she had last worked a year previously and that she did not receive any money from work or odd jobs. Ms. Cope testified that her signature on this form certified that she personally went over the form with the defendant, including provisions relating to fraud and misrepresentations.
 

 Terrence Foster, a fraud investigator for the Office of Family Support, testified that he reviewed defendant’s file, which contained her application for benefits. All of defendant’s applications are written in English. Mr. Foster pointed out that the application form includes a requirement that the recipient report any cash assistance and other changes in circumstances. Among the list of conditions required to be reported is “changes in unearned income of more than twenty-five dollars per month”. Mr. Foster explained that after his review of the defendant’s file, he brought the wage verification form, introduced as State’s Exhibit 1, to Moler Beauty College. From this form he learned that the defendant had begun employment there effective June 4, 2002. The pay periods, hours worked, and gross amount paid to the defendant were completed on this form. From this information, Mr. Foster determined that the defendant was working while she received government benefits. He noted that the defendant applied for food stamps and FITAP
 
 [1]
 
 on
 
 *436
 
 March 12, 2002 and that she reapplied in February 2003, September 10, 2003, and November 6, 2003. Mr. Foster completed a Report of Claim Determination, introduced as State’s Exhibit 6, adjusting the value of benefits that she should have received had she reported the income earned at |4Moler. This document indicates that defendant received $3,598.00 in benefits to which she was not entitled.
 

 The defendant, through the assistance of a sworn interpreter, exercised her right to testify on her own behalf. At the time of trial, she worked at Subway Restaurant, preparing sandwiches. Defendant testified that she was from Palestine and had lived in the United States for sixteen years. She admitted that she had been “paid under the table” for her work at Moler Beauty College, via a personal check from the owner of the school. She told the jury that she could not read English and did not believe she had to report the money she made at Moler Beauty College. On cross-examination, the defendant acknowledged that it was her signature on the applications and that she received both food stamps and FITAP. She admitted that she was the only student she knew of that was paid to work. She further testified that as a student she cut hair for clients after being shown a wig or picture of what the hair should look like.
 

 After hearing testimony from these four witnesses and reviewing the documentary evidence introduced, the jury found the defendant guilty of theft of $500.00 or more. Following the imposition of a two year suspended sentence and active probation, she filed this timely appeal.
 

 ASSIGNMENT OF ERROR NUMBER ONE:
 

 On appeal, the defendant contends that the evidence was insufficient to support her conviction because no rational juror could have believed the State’s case. The State responds that it proved all the elements of the crime beyond a reasonable doubt, and that the jury’s verdict was correct.
 

 The constitutional standard for testing sufficiency of the evidence is found in
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
 
 Jackson
 
 | ¿requires that a conviction be based on proof sufficient for any rational trier-of-fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt.
 
 State v. Ortiz,
 
 96-1609, p. 12 (La.10/21/97), 701 So.2d 922, 930,
 
 cert. denied,
 
 524 U.S. 943, 118 S.Ct. 2352, 141 L.Ed.2d 722 (1998).
 

 All evidence, both direct and circumstantial, must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt.
 
 State v. Jupiter,
 
 06-93, p. 6 (La.App. 5 Cir. 6/28/06) 934 So.2d 884, 888. The determination of the weight of evidence is a question of fact that rests solely with the trier-of-fact.
 
 State v. Upchurch,
 
 00-1290, p. 4 (La.App. 5 Cir. 1/30/01), 783 So.2d 398, 402. If there is a conflict in the testimony, the trier-of-fact may accept or reject, in whole or in part, the testimony of any witness.
 
 State v. Addison,
 
 00-1730, p. 4 (La.App. 5 Cir. 5/16/01), 788 So.2d 608, 613,
 
 writ denied,
 
 01-1660 (La.4/26/02), 814 So.2d 549. In the absence of internal contradiction or irreconcilable conflict with physical evidence, the testimony of one witness, if believed by the trier-of-fact, is sufficient to convict.
 
 Id.
 

 The reviewing court may not impinge on the findings of fact except to the extent necessary to guarantee constitution
 
 *437
 
 al due process.
 
 State v. Mitchell,
 
 99-3342 p. 7 (La.10/17/00), 772 So.2d 78, 83. The trier-of-fact’s rational credibility calls, evidence weighing, and inference drawing are preserved, because the sufficiency inquiry does not require an appellate court to ask itself whether it believes that the evidence at trial established guilt beyond a reasonable doubt.
 
 Id.
 
 An appellate court does not evaluate the credibility of witnesses and should not overturn a factual determination of guilt.
 
 Addison,
 
 00-1730, p. 4, 788 So.2d at 613.
 

 Lin the case at bar, the defendant was convicted of theft over $500.00, a violation of LSA-RS. 14:67. Louisiana Revised Statute 14:67(A) defines theft as follows:
 

 Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
 

 In this case, the jury heard testimony that the defendant was employed at Moler Beauty College and that she was paid a certain wage for her labors during the time that she received government benefits. The jury was further presented with evidence that the defendant applied for government benefits without disclosing her employment income. The documentary evidence and testimony established that if the defendant’s employment income had been taken into account, defendant would not have received the amount of benefits she admitted receiving. This evidence, which obviously was believed by the jury, established that the defendant, by fraudulent means, deprived the victim of $3,598.00. Thus, we find the evidence sufficient to support the jury’s verdict.
 

 ERROR PATENT DISCUSSION
 

 The defendant assigns as error all errors patent on the face of the record. The Court conducts such review as a matter of routine. The record was reviewed for errors patent, pursuant to LSA-C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975);
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5 Cir.1990).
 

 The errors patent review reveals a sentencing error requiring correction: the commitment entry fails to note the grade of the offense. The commitment minute entry provides that the defendant was found guilty on “count 1) 14:67 F III 17THEFT.” The crime of theft establishes grades of offense based on the value of the misappropriation. The statute specifically penalizes three grades of theft: that is, those valued at more than $500.00, LSA-R.S. 14:67(B)(1); more than $300.00 but less than $500.00, LSA-R.S. 14:67(B)(2), or less than $300.00, LSA-R.S. 14:67(B)(3). The theft statute contains no paragraph F.
 

 In
 
 State v. Taylor,
 
 07-474, (La.App. 5 Cir. 12/27/07), 975 So.2d 10, a case involving simple criminal damage to property, this Court noted that the commitment entry did not reflect the proper grade of offense. The matter was remanded for the district court to correct the commitment entry to reflect the proper grade of offense.
 
 Id.
 
 at 16.
 
 See also, State v. Ramsdell,
 
 06-644, (La.App. 5 Cir. 12/27/06), 949 So.2d 508.
 

 Accordingly, this matter is remanded and the district court is ordered to correct the commitment minute entry to correctly state the grade of offense for which the defendant was convicted.
 

 CONCLUSION:
 

 The defendant’s conviction is affirmed. This matter is remanded to the trial court for the limited purpose of correcting the commitment to correctly state the grade of
 
 *438
 
 offense for which the defendant was convicted.
 

 AFFIRMED; REMANDED.
 

 [1]
 

 . The abbreviation “FITAP” refers to the Family Independence Temporary Assistance
 
 *436
 
 Program. La.Ch.Code art. 1351(5).