STATE OF LOUISIANA IN THE INTEREST
OF T.W.-D.

NO. 24-KA-136

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE JEFFERSON PARISH JUVENILE COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 23-JU-190, DIVISION "C"
HONORABLE BARRON C. BURMASTER, JUDGE PRESIDING

June 18, 2024

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois

**AFFIRMED; REMANDED WITH INSTRUCTIONS**

    **JGG**
    **SMC**
    **FHW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Morgan Naquin
Deputy, Clerk of Court

COUNSEL FOR DEFENDANT/APPELLANT,
T.W.-D.

Katherine M. Franks

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA

Honorable Paul D. Connick, Jr.
Thomas J. Butler
Darren A. Allemand
Rachel E. Warren

**GRAVOIS, J.**

In this juvenile delinquency matter, T.W.-D. appeals the juvenile court's adjudication of him as delinquent on two separate charges: simple arson and simple battery. On appeal, the juvenile argues that the court erred in adjudicating him delinquent on the more serious charge of arson with damages under $1,000, when the evidence showed that the actual damages were well under $500, the threshold set by La. R.S. 14:52(C). The juvenile does not appeal his adjudication on the simple battery charge, asking only that this Court perform an errors patent review of the record.

For the following reasons, we find no merit to the juvenile's assignment of error and therefore affirm the adjudications and dispositions as described below. We find one patent error that requires remand to the Juvenile Court for correction as described below.

## PROCEDURAL BACKGROUND

On May 3, 2023, the Jefferson Parish District Attorney filed a petition alleging that the juvenile, T.W.-D.,[1] violated La. R.S. 14:52 by committing simple arson "with damage amounting to under $1000.00" (Docket No. 23-JU-190, petition "*"). On the same date, the Jefferson Parish District Attorney filed another petition alleging that the juvenile violated La. R.S. 14:35 by committing simple battery (Docket No. 23-JU-190, petition "A").[2] The juvenile denied the allegations of the petitions on May 8, 2023.[3]

On November 29, 2023, the adjudication hearings were held on both petitions. The juvenile was adjudicated delinquent for "arson"

---

[1] In order to maintain the confidentiality of the proceedings, as required by La. Ch.C. art. 412, and pursuant to Uniform Rules–Courts of Appeal, Rules 5-1 and 5-2, the initials of the juvenile will be used. *See State in Interest of T.L.*, 17-579 (La. App. 5 Cir. 2/21/18), 240 So.3d 310, 315 n.1; *State in the Interest of C.L.*, 15-593 (La. App. 5 Cir. 12/23/15), 184 So.3d 187, 188 n.1.

[2] Although this second petition is not labeled, it is referred to in the record as the "A" complaint.

[3] The adjudication hearings were set for June 7, 2023. On that date, the juvenile court raised the issue of the juvenile's competency, whereupon the court appointed a competency commission. On September 6, 2023, the court deemed the juvenile competent to proceed.

(petition "*") and for simple battery (petition "A"). On January 25, 2024, a disposition hearing was held. The juvenile received a one-year disposition for the simple arson adjudication in the Office of Juvenile Justice ("OJJ"), and a six-month disposition for the simple battery adjudication, to run concurrently with each other. The judge suspended the juvenile's sentences. The juvenile was placed on probation for eighteen months for the simple arson adjudication and for one year for the simple battery adjudication. The judge ordered these probation periods to run concurrently with each other.[4] On the same date, the juvenile filed a Motion for Appeal which was granted on January 26, 2024. The instant appeal followed.

## FACTS

### *Simple Arson (Petition "*")*

Kristen Washington, an in-school suspension teacher at Helen Cox High School, testified that on March 29, 2023, she escorted her students to the restroom and they alerted her to a fire in a garbage can in the restroom. She ran into the restroom and found the tissues and napkins inside a garbage can on fire. Initially, the students attempted to extinguish the fire by bringing water to the garbage can. Ms. Washington then removed the bag from the garbage can, placed it in the sink, and ran water over it. Once the fire was extinguished, she gave the garbage bag to her principal. Ms. Washington recalled that only the juvenile T.W.-D came out of the bathroom before her students entered. She denied the presence of any other students exiting the restroom at that time. She discovered a blue plastic lighter inside one of the toilets. She usually escorted her in-school suspension students to the restroom during times when it is usually inaccessible to the general student body. She recounted that T.W.-D told her, "I didn't do it."

---

[4] In imposing the disposition, the court initially referenced the juvenile's adjudication of simple arson. However, after placing the juvenile on one year of probation for simple battery, the judge stated: "On the aggravated arson, it will be an 18-month probation." The transcript reflects that this is the *only* time the judge referred to "aggravated arson" in the record. The judge referred to the juvenile's simple arson adjudication throughout the rest of the disposition hearing.

Ms. Washington confirmed the presence of security cameras at the school and stated her ability to identify events captured in the surveillance footage from that day. During the court proceedings, she described the events depicted in the footage and identified the juvenile T.W.-D in the video. Her narration of the video confirmed her testimony regarding the events of that day. She stated that the footage showed the hallway outside the bathroom, with the time displayed as "9:27"—a time when the restrooms are typically locked. The juvenile was recognized in the video, approaching Ms. Rose at a desk to unlock the restroom door. Ms. Washington and her students were visible in the hallway as she escorted them to the restroom, and she identified herself in the footage. The juvenile was identified as the individual emerging from the restroom as they approached. Ms. Washington recounted entering the restroom after hearing about the fire and denied seeing anyone else enter before her group.[5]

### Simple Battery (Petition "A")

Leeanne Boudreaux testified regarding the events of April 19, 2023, during which she served as the principal's secretary at Helen Cox High School. She recounted observing the juvenile T.W.-D in the office, and he rose from a student's chair and approached the assistant secretary's desk to make a call. The principal instructed her to hang up the phone as T.W.-D was not permitted to make a call. Upon the principal's instruction, she walked over to the desk and ended the call. T.W.-D then grabbed her hair as he attempted to dial again. She described that she "felt it pull." She "batted [her] hair away and told him to get his hands off of [her]." She indicated the juvenile had her hair in his hands for a few seconds. Ms. Boudreaux said she was scared of T.W.-D's actions and of "how he was fighting and just out of control." She testified the principal witnessed the juvenile grab her hair.

The juvenile's mother, T.W., testified that on April 19, 2023, she was contacted by the school's principal regarding the previous incident of a fire at the school. She stated that T.W.-D has been

---

[5] Ms. Washington identified the surveillance video from that day as State's Exhibit 1, which was subsequently published and admitted into evidence.

diagnosed with autism and ADHD. She explained the school's policy of allowing T.W.-D to contact her or his grandmother during crises. T.W.-D frequently called her from the school about similar incidents. T.W.-D had made a phone call to his grandmother that day. The principal informed her of the incident with the fire and that day's "hair pulling" incident. She found T.W.-D visibly upset by the situation. She calmed her son down and listened to his account. He denied any involvement and was upset by the accusations.

## ASSIGNMENT OF ERROR NUMBER ONE

### *Simple Arson Adjudication*

In his first assignment of error, the juvenile argues:

> The delinquency petition stated that the damages were under $1,000, exceeding the $500 threshold set by La. 14:52 C. The only proof of damages the State offered was testimony that a garbage receptacle was set afire and the garbage bag liner was scorched. There was no testimony that the receptacle was damaged, only the plastic liner, scarcely of a value totaling more than $500. The adjudication for the more severe offense was error.

In other words, the juvenile argues he was adjudicated delinquent on the more serious charge of arson with damages under $1,000, a violation of La. R.S. 14:52(B), rather than arson with damages under $500, a violation of La. R.S. 14:52(C). For the following reasons, we find no reversible error in this assignment.

In this case, the petition alleged the juvenile committed simple arson in violation of La. R.S. 14:52 (petition "*"). The petition provides, in pertinent part:

> [O]n or about the 29th day of March, 2023, said child did violate R.S. 14:52, in that said child did willfully and unlawfully commit an arson upon a school, with damage amounting to under $1000.00, belonging to Helen Cox High School, located at 2200 Lapalco Boulevard, Harvey, Louisiana, without the consent of the owner.

After hearing the evidence presented at the adjudication hearing on November 29, 2023, the juvenile court adjudicated the juvenile delinquent, stating in pertinent part: "You know, all those things lead me to believe that—I don't have a doubt, a reasonable doubt that

[T.W.-D] started the fire, so I do find him guilty of arson in this particular case."

At the disposition hearing on January 25, 2024, the juvenile received a one-year disposition for the simple arson adjudication, with the judge suspending the sentence and placing him on probation for eighteen months. The judge informed the juvenile that "on the simple arson, the maximum sentence allowed under the law would be five years."

The purpose of the delinquency petition is to give the juvenile notice and an opportunity to defend. *State in Interest of P.H.*, 18-1080 (La. App. 1 Cir. 11/2/18), 2018 WL 5733011; *State v. D.L.*, 29,789 (La. App. 2 Cir. 6/18/97), 697 So.2d 706, 710. The petition alleges that the juvenile committed simple arson "with damage amounting to under $1000.00," in violation of La. R.S. 14:52. The petition did not provide a subsection under which the juvenile was charged.

At the time of the instant offense,[6] La. R.S. 14:52 set forth the penalty for simple arson and provided in pertinent part:

> B. Whoever commits the crime of simple arson, *where the damage done amounts to five hundred dollars or more*, shall be fined not more than fifteen thousand dollars and imprisoned at hard labor for not less than two years nor more than fifteen years.
>
> C. *Where the damage is less than five hundred dollars*, the offender shall be fined not more than twenty-five hundred dollars or imprisoned with or without hard labor for not more than five years, or both.

(Emphasis added.)

Value, price, or amount of damage need not be alleged in the indictment, unless such allegation is essential to charge or determine the grade of the offense. La. C.Cr.P. art. 470.[7] While La. C.Cr.P. art.

---

[6] It is well settled that the law in effect at the time of the commission of the offense is determinative of the penalty which the trial court may impose. *State v. Sugasti*, 01-3407 (La. 6/21/02), 820 So.2d 518.

[7] The official revision comment for La. C.Cr.P. art. 470 provides, in pertinent part:

> Art. 234 of the 1928 Louisiana Code, similar to this article, dispensed with any allegation of value, price, or damage done where it was not of the essence of the offense. *Because some crimes, such as simple arson and theft, are graded according to*

470 does not require that an indictment include a specific monetary value, the allegations in the indictment must be sufficient to determine the grade of the offense. *State v. Olivier*, 03-1589 (La. App. 3 Cir. 6/16/04), 879 So.2d 286. The penalty for simple arson differs depending upon whether the amount of damage amounts to "five hundred dollars or more" or "less than five hundred dollars." *See* La. R.S. 14:52(B) and (C). Thus, the amount of damage is essential to determine the grade of the offense in simple arson, and failure to allege the amount of damage in the bill of information is an error. *State v. Guidry*, 635 So.2d 731 (La. App. 1 Cir. 1994), *writ denied*, 94-960 (La. 7/1/94), 639 So.2d 1163.[8]

Here, the petition did not provide a subsection under which the juvenile was charged. While the petition provides an allegation of damages amounting to "under $1000.00," this encompasses the grade of the offense for "less than five hundred dollars" and partially encompasses the grade of the offense for "five hundred dollars or more." Nevertheless, while somewhat distinct from the instant scenario, this Court and others have concluded that errors related to the grading of offenses in the bill of information were not reversible. *See State v. Taylor*, 07-474 (La. App. 5 Cir. 12/27/07), 975 So.2d 10, *writ denied*, 08-224 (La. 9/19/08), 992 So.2d 949; *State v. Upchurch*, 00-1290 (La. App. 5 Cir. 1/30/01), 783 So.2d 398; *State v. McLean*, 525 So.2d 1251, 1253, n.1 (La. App. 1 Cir. 1988), *writ denied*, 532 So.2d 130 (La. 1988).

In this case, while the language of the petition encompasses one grade of the offense and another grade of the offense in part, the evidence presented at trial did not establish an amount of damages exceeding $500.00. The State acknowledges this fact in its appellee brief. During sentencing, the juvenile court imposed a one-year suspended sentence and placed the juvenile on probation for eighteen

---

*damage done or value, this article requires an allegation thereof where necessary to charge or determine the grade of the offense.*

(Emphasis added.)

[8] Courts have considered similar issues in cases involving juveniles. *See State in Interest of A.S.*, No. 2023-KJ-0015, 2023 WL 4096928 (La. App. 1 Cir. June 21, 2023); *State ex rel. A.P.*, 02-1030 (La. App. 3 Cir. 2/5/03), 838 So.2d 97.

months, which is within the guidelines outlined in La. R.S. 14:52(C) for an adjudication of simple arson where the damage done amounts to less than five hundred dollars. Further, the court informed the juvenile of the possible penalty using the penalty range for the grade of simple arson where the damages done amount to less than five hundred dollars under La. R.S. 14:52(C). Furthermore, the juvenile has not alleged any prejudice from the petition. Accordingly, the allegations in the petition were sufficient to enable the juvenile to prepare for the adjudication hearing, to allow the court to determine the propriety of the evidence, which is submitted at the adjudication hearing, and to impose a correct punishment on the adjudication.

It is clear from the testimony and evidence presented at the adjudication hearing that the amount of damages was less than $500.00 and that the judge found the juvenile guilty of simple arson where the damage amounted to less than five hundred dollars. The disposition imposed upon the juvenile, a one-year sentence, would not have been appropriate for the grade of simple arson where the damages amounted to five hundred dollars or more, because it would be below the minimum sentence which is statutorily permitted.[9] This is also supported by the fact that the court informed the juvenile of the possible penalty using the penalty range for the grade of simple arson where the damages amounted to less than five hundred dollars under La. R.S. 14:52(C). In light of the foregoing, it is clear the judge meant to adjudicate the juvenile delinquent of simple arson where the damage done amounted to less than five hundred dollars. Accordingly, the grade of the offense for which the juvenile was adjudicated and given a disposition is not in doubt.[10]

---

[9] La. R.S. 14:52(B) provides: "B. Whoever commits the crime of simple arson, where the damage done amounts to five hundred dollars or more, shall be fined not more than fifteen thousand dollars and imprisoned at hard labor *for not less than two years* nor more than fifteen years." (Emphasis added.)

[10] Although no Louisiana cases directly on point were found, several cases reached similar conclusions. *See Taylor*, *supra*, where this Court stated that at the conclusion of the defendant's trial, the trial judge merely stated that he found the defendant guilty of criminal damage to property valued at over $500 and failed to include the maximum amount for the grade. This Court found the error was not inherently prejudicial to the defendant. This Court concluded it was sufficiently clear from the testimony of the victim that the damage to his car was less than

The juvenile appears to argue that the delinquency petition for simple arson stated that the damages are under $1,000 and that this amount of damages would trigger enhanced sentencing under La. R.S. 14:52(B).  Consequently, he argues the State had the burden to prove, beyond a reasonable doubt, that the damages exceeded $500, as mandated by legal precedents like *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002); *State v. Gibson*, 09-486 (La. App. 5 Cir. 3/9/10), 38 So.3d 373, 379, *writ denied*, 10-802 (La. 11/5/10), 50 So.3d 814; and their progeny.  The juvenile claims there is no evidence in the record supporting damages beyond testimony indicating the scorching of a garbage receptacle liner.  Thus, the juvenile contends the juvenile court's conclusion that the State had proven the offense charged in the petition was erroneous.  The juvenile concludes that the verdict should be reversed, and the case remanded for correction, reflecting an adjudication of simple arson where damages are less than $500.

In response, the State concedes that there was no clear evidence of the property's value for the simple arson case.  The State contends that since the law distinguishes simple arson based on a $500 threshold and not $1,000, the mention of "$1000" in the petition was likely a mistake.  The State avers that this is supported by the fact that

$50,000, and that the trial judge found the defendant guilty of simple criminal damage to property where the damage done amounted to $500 or more, but less than $50,000. *Id*. at 15-16; *Upchurch*, *supra*, where this Court found the jury verdict to be defective because it merely stated that the jury found the defendant guilty of criminal damage to property "valued at over $500.00," and there was no maximum amount included.  However, this Court believed that it was sufficiently clear from the jury charge given and the testimony of the victim, that the damage to his car was about $1,000 and that the jury found the defendant guilty of simple criminal damage to property where the damage done amounted to $500 or more, but less than $50,000.  Accordingly, this Court did not find the verdict so defective as to be reversible. *See also McLean*, *supra*, where the defendants were charged with theft of an amount in excess of one hundred dollars and found guilty as charged.  The First Circuit emphasized that despite lacking explicit wording, the jury's intention was undeniably clear, stating, "Only the magic words were omitted, which omissions take nothing away from the clarity of the jury's intention."  The First Circuit distinguished *State v. Bass*, 509 So.2d 176 (La. App. 1 Cir. 1987), and *State v. Young*, 469 So.2d 1014 (La. App. 1 Cir. 1985), as they lacked a monetary valuation, hindering a determination of the offense grade.  The *McLean* court found that the value in excess of $100.00 but less than $500.00 was clearly alleged and proven.  The court stated that the grade of the offense for which the defendants were tried, convicted, and sentenced was never in doubt. *Id*. at 1256 n.1.

the juvenile court mentioned a maximum sentence applicable to simple arson with an amount of damages less than $500. The State emphasizes that the juvenile court's sentence aligns with the law for simple arson with an amount less than $500, regardless of this likely error.

First, defendant's argument that his sentence was improperly enhanced based on facts that were not admitted nor proven at trial lacks merit. In *Apprendi*, the Supreme Court held that the constitution requires that, "other than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. 466 at 490, 120 S.Ct. at 2362-63. (Emphasis added.)

The juvenile court informed the juvenile at the disposition hearing that "on the simple arson, the maximum sentence allowed under the law would be five years." This statement aligns with the provision of La. R.S. 14:52 where the damage amounts to less than $500 and for which the penalty provision provides that "the offender shall not be fined more than twenty-five hundred dollars or imprisoned with or without hard labor for not more than five years, or both." La. R.S. 14:52(C). Furthermore, the juvenile received a disposition of one year, and the juvenile court suspended that disposition and placed the juvenile on active probation for eighteen months. This sentence would have been illegally lenient for the provision of La. R.S. 14:52 where the damage amounts to $500 or more and for which the penalty provision provides that the offender "shall not be fined not more than fifteen thousand dollars and imprisoned at hard labor for not less than two years nor more than fifteen years." La. R.S. 14:52(B). As such, the juvenile's disposition was not enhanced because it was not beyond the statutory maximum for simple arson where the damage was less than five hundred dollars under La. R.S. 14:52(C).

## ASSIGNMENT OF ERROR NUMBER TWO

### *Errors Patent Review*

In this assignment, the juvenile requests an errors patent review.[11] However, this Court routinely reviews the record for errors patent in accordance with La. C.Cr.P. art. 920, *State v. Oliveaux*, 312 So.2d 337 (La. 1975), and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990), regardless of whether defendant makes such a request.

### *Written Judgment of Disposition*

The record does not contain a written judgment of disposition or a signed minute entry that would serve as an adequate substitute. La. Ch.C. art. 903 provides, in pertinent part:

> A. (1) Before entering a judgment of disposition, the court shall orally inform the child and shall state for the record the considerations taken into account and the factual basis therefor in imposing the particular disposition chosen.
>
> (2) In every case or proceeding involving a judgment of disposition of a child, the court shall refrain from manifesting by any words or conduct, bias or prejudice based on race, sex, religion, national origin, age, or disability.
>
> B. The court shall enter into the record a written judgment of disposition specifying all of the following:
>
> (1) The offense for which the child has been adjudicated a delinquent.
>
> (2) The nature of the disposition.
>
> (3) The agency, institution, or person to whom the child is assigned.
>
> (4) The conditions of probation, if applicable.
>
> (5) Any other applicable terms and conditions regarding the disposition.

---

[11]The Louisiana Children's Code is silent as to whether an errors patent review is mandated in a juvenile appeal, although this Court has conducted limited reviews for errors patent in the past. *See*, *e.g*, *State in the Interest of Z.S.*, 01-1099 (La. App. 5 Cir. 2/26/02), 811 So.2d 1003, 1008. La. Ch.C. art. 104 provides that, in the absence of procedures prescribed by the Children's Code, the Louisiana Code of Criminal Procedure shall apply. This Court is thus authorized by La. C.Cr.P. art. 920 to conduct a review for errors patent.

(6) The maximum duration of the disposition and, if committed to the custody of the Department of Public Safety and Corrections, the maximum term of the commitment.

(7) An order of expungement to be made executory at the end of the disposition unless, at the end of the disposition, a person or agency files an objection using the form provided in Article 926 on any of the following grounds:

(a) The adjudication was for murder, manslaughter, an offense requiring registration as a sex offender under R.S. 15:542, kidnapping, or armed robbery.

(b) The child has a criminal court felony conviction or a criminal court conviction for a misdemeanor involving a firearm against a person.

(c) The child has an outstanding indictment or bill of information for a felony charge or a charge of a misdemeanor involving a firearm against a person.

\* \* \*

D. An extract of the minutes of court specifying the information required by Paragraph B of this Article and signed by the court shall be considered a written judgment of disposition.

\* \* \*

First, it appears the judge did not comply with La. Ch.C. art. 903(B). Before entering a judgment of disposition, the judge did not orally state for the record the considerations taken into account and the factual basis in imposing the particular disposition chosen. Further, the instant record does not contain a written judgment of disposition. There is a minute entry from the disposition signed by the judge. As it relates to the requirement that the written disposition state the conditions of probation, the minute entry provides, "probation contract executed made an order of the court." It further provides that "minor and his mother refused to sign the probation contract. Parties advised they do not need to sign the contract; however, they are to comply with the conditions as it is an order of the court." The record contains a Conditions of Probation (Delinquency) form relating to counts "\*" and "A." The form is signed by the judge,

the juvenile's attorney, and a probation officer, but it is not signed by the juvenile or his parent.

In *State in the Interest of C.L.*, 53,980 (La. App. 2 Cir. 8/11/21), 326 So.3d 1283, *writ denied*, 21-1340 (La. 11/23/21), 328 So.3d 77, the Second Circuit found patent error when the record did not contain a written, signed judgment of disposition as required under La. Ch.C. art. 903(B). The court stated that the record included a minute entry and warrant, signed by the deputy clerk of court, announcing C.L.'s commitment to the OJJ and ordering the "Probation Officer of the Parish of Caddo" to carry out the commitment, and an "Office of Juvenile Justice Custody Order," which provided the offense for which C.L. was adjudicated, the disposition and some, but not all, of the conditions of the disposition and the probation. The court found that those documents failed to include several of the juvenile court's directives. Therefore, the Second Circuit remanded the matter with instructions to the Juvenile Court to enter into the record a written, signed judgment of disposition which complied with the provisions of La. Ch.C. art. 903(B).[12]

Similarly, in *In re J.D.K., Jr.*, No. 2014-KJ-1786, 2015 WL 1893303 (La. App. 1 Cir. 4/24/15), the First Circuit found the record contained a document that listed J.D.K., Jr.'s conditions of probation and was dated and signed by the judge, the juvenile, and his parent, but document did not contain the information required by La. Ch.C. art. 903(B), nor did the record contain a minute entry that complied with La. Ch.C. art. 903(D). The court remanded the matter and ordered the juvenile court judge to enter into the record a written judgment of the disposition in accordance with La. Ch.C. art. 903.

Because the minute entry does not fully comply with La. Ch.C. art. 903(B), we remand the matter and order the judge to enter into the record a written, signed judgment of the disposition in accordance with La. Ch.C. art. 903.

---

[12] The court stated that since the issue concerning the judgment of disposition was more narrowly tailored to form and not a change in substance, it was unnecessary to conduct another disposition hearing.

*Post-Conviction Relief Advisal*

At the disposition hearing, the transcript reflects the judge stated, "I'm going to order that all expungement laws be complied with and that if he meets the grounds when he finishes probation, I'm going to order an executory order of expungement be granted." The judge continued, "At that point in time, I'm going to give him two years to file for any post-conviction relief if he chooses to do so." As such, the juvenile judge provided an incomplete advisal of the two-year prescriptive period for seeking post-conviction relief as mandated by La. C.Cr.P. art. 930.8. In a juvenile case, such notice should be given. *See State in interest of B.D.*, 13-760 (La. App. 5 Cir. 4/23/14), 140 So.3d 308, 313, *writ denied*, 14-1093 (La. 1/9/15), 157 So.3d 597. Thus, by way of this opinion, this Court hereby notifies the juvenile that no application for post-conviction relief, including an application for an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of adjudication and disposition have become final under the provisions of La. C.Cr.P. arts. 914 or 922. *See State in Interest of J.R.*, 22-339 (La. App. 5 Cir. 11/30/22), 354 So.3d 172, 180.

## DECREE

For the reasons assigned above, we affirm the juvenile's adjudications and dispositions. We remand the matter to the Juvenile Court and order the judge to enter into the record a written, signed judgment of the disposition in accordance with La. Ch.C. art. 903.

**AFFIRMED; REMANDED WITH INSTRUCTIONS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JUNE 18, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

CURTIS B. PURSELL
CLERK OF COURT

## 24-KA-136

**E-NOTIFIED**
JUVENILE COURT (CLERK)
HON. BARRON C. BURMASTER (DISTRICT JUDGE)
KATHERINE M. FRANKS (APPELLANT)          DARREN A. ALLEMAND (APPELLEE)          THOMAS J. BUTLER (APPELLEE)

**MAILED**
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
RACHEL E. WARREN (APPELLEE)
THOMAS S. BLOCK (APPELLEE)
ASSISTANT DISTRICT ATTORNEYS
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053